# EXHIBIT 1

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
[rev. 07/29/2019]

SUPREME COURT, COUNTY OF NEW YORK

Index No: 100241/22    Date Index Issued: 2/23/2022

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | **For Court Use Only:** |
|---|---|---|

LORI GARDNER-ALFRED, AND JEANETTE DIAZ

Plaintiff(s)/Petitioner(s)

-against-

FEDERAL RESERVE BANK OF NEW YORK

Defendant(s)/Respondent(s)

For Court Use Only:

IAS Entry Date

Judge Assigned

RJI Filed Date

## NATURE OF ACTION OR PROCEEDING    Check only one box and specify where indicated.

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

### REAL PROPERTY    Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential ☐ Commercial

   Property Address: _____

   *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ☐ Tax Certiorari
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

### MATRIMONIAL
- ☐ Contested

   *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
   *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

### TORTS
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

### SPECIAL PROCEEDINGS
- ☐ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☑ Other Special Proceeding (specify): T.R.O.

## STATUS OF ACTION OR PROCEEDING    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☑ | If yes, date filed: ___/___/___ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☑ | If yes, date served: ___/___/___ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☑ | If yes, judgment date: ___/___/___ |

## NATURE OF JUDICIAL INTERVENTION    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: ___/___/___
- ☐ Notice of Motion    Relief Requested: _____    Return Date: ___/___/___
- ☐ Notice of Petition    Relief Requested: _____    Return Date: ___/___/___
- ☑ Order to Show Cause    Relief Requested: T.R.O.    Return Date: ___/___/___
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

| RELATED CASES | List any related actions.  For Matrimonial cases, list any related criminal or Family Court cases.  If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | |
|---|---|---|---|---|
| Un-Rep | Parties List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined For each defendant, indicate if issue has been joined. | Insurance Carriers For each defendant, indicate insurance carrier, if applicable. |
| ☑ | Name: LORI GARDNER-ALFRED Role(s): Petitioner | 1456 MILFORD PLACE, BRONX, NEW YORK 10460 (646) 270-3997 E-MAIL:LORIANNGGG@GMAIL.COM | ☐ YES  ☑ NO | |
| ☑ | Name: JEANETTE DIAZ Role(s): PETITIONER | 23 EAST 43RD STREET BAYONNE, NEW JERSEY 07002 (347) 930-9090 E-MAIL: DIAZJ75@YAHOO.COM | ☐ YES  ☑ NO | |
| ☐ | Name: FEDERAL RESERVE BANK Role(s): OF NEW YORK RESPONDENT | 33 LIBERTY STREETNEW YORK, NEW YORK 10045 (212) 720-5000 | ☐ YES  ☑ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES  ☐ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated:  02 / 23 / 2022

_____  
Attorney Registration Number

_____  
Signature  
LORI GARDNER-ALFRED  
Print Name

**[Print in <u>black</u> ink all areas in bold letters.]**

At I.A.S. Part ___ of the Supreme Court
of the State of New York, held in and for
the County of New York, at the
Courthouse thereof, 60 Centre Street,
New York, N.Y., on the ___ day of
_____, 20___.

## HON. LYLE E. FRANK
PRESENT: HON. _____ **J.S.C.**

Justice of the Supreme Court

-----------------------------------------------------------------x

In the Matter of the Application of

LORI GARDNER-ALFRED, and JEANETTE DIAZ
_____
**[fill in name(s)]**                    Petitioner(s),

- against -

FEDERAL RESERVE BANK OF NEW YORK
_____

_____

_____
**[fill in name(s)]**              Respondent(s).

-----------------------------------------------------------------x

Index Number

100241-2022

ORDER TO SHOW CAUSE
IN A SPECIAL PROCEEDING
NEW YORK
COUNTY CLERK'S OFFICE

FEB 2 3 2022

NOT COMPARED
WITH COPY FILE

Upon reading and filing the Verified Petition of <u>LORI GARDNER-ALFRED AND JEANETTE DIAZ</u>

_____ **[your name(s)]**, sworn to on February 23 _____, 20<u>22</u>

**[date Verified Petition notarized],** and the exhibits attached to the Petition,

**[Identify Exhibits below. List additional Exhibits on separate page.]**

Exhibit A   SEE ATTACHED _____

_____

Exhibit B _____

_____

Exhibit C _____

_____

Let the respondent(s) show cause at I.A.S. Part ___, Room 308, of this Court,
to be held at the Courthouse, 60 Centre Street, New York, N.Y., on the ___ day of
_March_, 20<u>22</u>, at _2_ o'clock in the _after_ noon or as soon as the parties to this
proceeding may be heard why a judgment should not be issued providing the following relief

**[briefly describe the relief you seek from the Court]**

PERMANENTLY ENJOINING DEFENDANT FROM FIRING PLAINTIFF'S DUE SOLELY TO THE FACT THAT

PLAINTIFF'S NON-VACCINATION STATUS AGAINST THE ALLEGED COVID-19 VIRUS WILL CAUSE

DEFENDANT AN UNDUE HARDSHIP AND PREVENT PLAINTIFF'S FROM PERFORMING OUR

ESSENTIAL WORK DUTIES.

and such other and further relief as may to the court seem just and proper, for the reasons that [briefly

describe the reasons why you should be granted what you are requesting]:

RESPONDENT HAS FAILED TO SHOW THAT ANY UNDUE HARDSHIP WOULD BEFALL THE BANK DUE

TO PETITIONER'S VACCINATION STATUS AND/OR ANY NEGATIVE IMPACT ON PETITIONERS WORK

PERFORMANCE.

*Ordered that!*
*Pending the hearing of this Motion Respondent is*
*enjoined + restrained from terminating the*
*employment of the Petitioners named herein.*

Sufficient cause appearing therefor, let personal service of a copy of this order, the Petition

and all other papers upon which this order is granted, upon all parties to this proceeding, on or before

the 25th day of _____February_____, 20___ be deemed good and sufficient.  A copy of an

affidavit or acknowledgment of service shall be filed with the County Clerk (Room 141B) immediately

after service and the original of such proof of service shall be presented to this court on the return date

fixed above.

ENTER

Oral Argument
Directed

JSC

HON. LYLE E. FRANK

_____
J. S. C.

**HON. LYLE E. FRANK**
**J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x

In the Matter of the Application of

LORI GARDNER-ALFRED, AND JEANETTE DIAZ

**[fill in name(s)]**                    Petitioner(s),

                    - against-

FEDERAL RESERVE BANK OF NEW YORK

_____

_____

_____,

**[fill in name(s)]**            Respondent(s).
-------------------------------------------------------------------------x

**Index Number**

*100741/2022*

**VERIFIED PETITION**

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of **[your name]** LORI GARDNER-ALFRED _____ respectfully
shows to this court as follows:

1. Petitioner resides at **[your address]** 1456 MILFORD PLACE, BRONX, NEW YORK 10460 _____

_____

2. The respondent(s) is / are **[identify the respondent(s)]** _____
THE FEDERAL RESERVE BANK OF NEW YORK

_____

_____

_____

3. **[Describe what you are requesting and the reasons therefor.  Add more pages if needed.  If
you are appealing the decision of a government agency, give the date and outcome of the final
determination.  Explain why this Court should reverse that decision.]** PLAINTIFF, LORI GARDER-ALFRED
IS AN EMPLOYEE OF RESPONDENT. I AM A SENIOR EXECUTIVE SPECIALIST.  I'VE BEEN EMPLOYED BY
RESPONDENT FOR OVER 35 YEARS.

MY ESSENTIAL JOB FUNCTION IS AS EXECUTIVE ASSISTANT TO THE EXECUTIVE VICE
PRESIDENT OF RESPONDENT. THIS ENTAILS:

-- FACILITATING AND COORDINATING COMMUNICATIONS BETWEEN THE E.V.P. AND OTHER AREAS
   OF THE BANK.

-- MAKING CLAENDARS AND SCHEDULES OF APPOINTMENTS FOR THE E.V.P.

-- ORANIZING AND COORDINATING MEETINGS AND EVENTS.

-- RESERVING CONFERENCE ROOMS FOR MEETINGS AND CONFERENCES.

-- MAKINGS TRAVEL ARRANGEMENTS, ETC.

_____

SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4. Attached as exhibits are copies of all relevant documents. **[Attach the decision you are asking the court to reverse as Exhibit A.  Attach any other documents as Exhibit B, Exhibit C, and so on.  Identify each exhibit and explain how it supports your position.  List additional Exhibits on a separate page.]**

Exhibit A - DEFENDANT'S COVID-19 VACCINATION POLICY _____

Exhibit B - PETITIONER'S EXEMPTION DOCUMENT SUBMITTED TO RESPONDENT _____

Exhibit C - RESPONDENT'S ACCOMODATION LETTER _____

Exhibit D - RESPONDENT'S RETURN TO WORK LETTER _____

Exhibit E - RESPONDENT'S VACCINATION DEADLINE LETTER TO PETITIONER  (SEE ATTACHED)

5. A prior application *has not / has* **[circle one]** been made for the relief now requested. **[If you made this application before in this or any other court, describe where, when, the result and why you are making it again.]** _____

_____

_____

_____

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
LORI GARDNER-ALFRED, and JEANETTE DIAZ;

Index No. _100741/2022_

                            Petitioner,

**VERIFIED PETITION**

        - against-

THE FEDERAL RESERVE BANK OF NEW YORK,

                            Respondent.
------------------------------------------------------------------------x

## <u>SUPPLEMENTAL EXHIBIT LIST</u>

EXHIBIT F – PETITIONER'S QUESTIONS, NOTICE OF FAULT, AND NOTICE OF
        DEFAULT TO RESPONDENT CONCERNING COVID-19 POLICY

EXHIBIT G – RESPONDENT'S RESPONSE TO PETITIONERS QUESTIONS

EXHIBIT H – RESPONDENT'S RESPONSE TO NOTICE OF FAULT

EXHIBIT I – RESPONDENT'S RESPONSE TO NOTICE OF DEFAULT

EXHIBIT J – RESPONDENT'S POSTPONEMENT OF BACK TO OFFICE DATE DUE TO
        ILLNESSES OF VACCINATED EMPLOYEES

EXHIBIT K – RESPONDENT'S VACCINATION EXTENSION LETTER TO PETITIONERS

EXHIBIT L – RESPONDENTS LETTER CONCERNING NEW BACK TO OFFICE DATE

EXHIBIT M – RESPONDENT'S LETTER STATING PETITIONER'S EMPLOYMENT
        WOULD BE TERMINATED ON FEBRUARY 25, 2022.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

LORI GARDNER-ALFRED, and JEANETTE DIAZ;

Index No. *100 241/2022*

Petitioner,                                 *Affidavit in Support of*

**VERIFIED PETITION**

- against-

THE FEDERAL RESERVE BANK OF NEW YORK,

Respondent.
-------------------------------------------------------------------x

**BACKGROUND**

On or about March 11, 2020, Respondent (the Bank) advised all employees of intent to initiate working from home, due to the CoViD-19 crisis.

On or about March 12, 2020 was Petitioner, Lori Gardner-Alfred, last day working in the office.

On or about March 13, 2020, Petitioner began working from home.

On or about June 4, 2021, the Bank advised all employees concerning schedule to start working in the Office.

On or about June 28, 2021, the Bank made inquiry concerning employee vaccination status.

On or about August 2, 2021, the Bank informed its employees concerning its' CoViD-19 Vaccination mandate policy. *(Ex. A)*

On or about August 9, Petitioner submitted my Religious Exemption document. *(Ex. B)*

On or about October 1, 2021 Respondent accepted Petitioner's Exemption. *(Ex. C)*

On or about November 1, 2021, the Bank set a back to the office date of January 10, 2022. *(Ex. D)*

On or about November 29, 2021, Respondent informed Petitioner's that I must be vaccinated by January 7, 2022 or I would be terminated on January 10, 2022. (Ex. E)

On or about December 9, 2021 Petitioner submitted questions to Respondent concerning its' CoViD-19 vaccination policy. (Ex. E)

On or about December 10, 2021, Respondent replied to Petitioner's questions. (Ex. E)

On or about December 21, 2021, Petitioner submitted a Notice of Fault to Respondent concerning questions which were left unanswered and giving Respondent the opportunity to answer said omissions. (Ex. E)

On or about December 23, 2021 the Bank replied to Petitioner's Notice of Fault. (Ex. E)

On or about December 24, 2021, Petitioner issued to Respondent a Notice of Default, due to its failure to cure it's failure to answer certain issues concerning its Policy. (Petitioner's simultaneously sent to Respondents legal department, by certified mail, Petitioner's initial inquiry, the Notices of Fault, and the Notice of Default for its' edification. (See, Ex. F 1-3)

On or about December 30, 2021, the Bank postponed its' January 10, 2022 back to the office date due to numerous illness of its' vaccinated employees. (Ex. G)

On or about January 5, 2022, Respondent extended the vaccination deadline date of January 7, 2022 concerning Petitioner's. (Ex. H)

On or about January 21, 2022, Respondent stated a new back to the office date of January 28, 2022. (Ex. I)

On or about February 3, 2022, Respondent noticed Petitioner's that we would be terminated on January 25, 2022. (Ex. J)

**ARGUMENT**

Respondent has failed to justify its CoViD-19 vaccination Policy for the following reasons:

I. Respondent has failed to:

A. The specific facts and factors used and/or relied upon by The Bank to determine or conclude any "Undue Hardship".

B. Whether or not any said "vaccine" prevents the spread of the SARS COV-2 virus.

C. Whether or not the policy of masking and social distancing within the office is sufficient to protect all workers within the building.

D. Whether or not periodic testing for SARS COV-2 infection is sufficient to ensure workers, whether vaccinated or not, are not exposed to the SARS CoV-2 virus.

E. Whether or not The Bank was prepared to indemnify me from any damages caused by taking said "vaccine".

F. Whether or not there exists proof of A-symptomatic transmission of said virus from one person to another (and, if yes, under what circumstances).

G. Whether or not a non-vaccinated person is a potential health threat to a vaccinated person.

II. State a reasonable cause as to why Petitioner's cannot continue to work at home, other than Petitioner's supposed inability to escort guests visiting the Bank.

Based on the foregoing, the Banks policy is clearly discriminatory, arbitrary, and capricious. It is not supported by scientific knowledge and fact but fear and intimidation. Nor is it based on Petitioner's ability to perform our job functions.

**Conclusion**

After over two years of the public exposure to the CoViD-19 virus and its varients, the vast majority of the people, who do not have severe or chronic underlying conditions (co-morbidities) are sufficiently protected, either by natural immunity and/or vaccination, from any serious illness from said virus.

The protocols put in place in Respondent's Office Policy is sufficient to protect all employees working in the Office, whether vaccinated or unvaccinated.

WHEREFORE, your deponent respectfully requests that this Court **[briefly** describe what you are **requesting]** ISSUE AN IMMEDIATE INJUNCTION BARRING DEFENDANT FROM FIRING PLAINTIFF'S UNTIL IT CAN SHOW CAUSE THAT PLAINTIFF'S NON-VACCINATION WILL CAUSE IT AN UNDUE HARDSHIP AND PREVENT PLAINTIFF'S FROM SATISFACTORILY PERFORMING OUR JOB DUTIES AND FUNCTIONS.

and grant such other and further relief as may to the court seem just and proper.

_____FEBRUARY 23___, 20_22_

**[date signed]**

Petitioner **[sign your name]**

LORI GARDNER-ALFRED

**[print your name]**

1456 MILFORD PLACE

BRONX, NEW YORK 10460

(646) 270-4088

**[your address and telephone no.]**

## VERIFICATION

STATE OF NEW YORK

COUNTY OF _NEW YORK_____:   **ss:**

LORI GARDNER-ALFRED _____ **[your name]**, being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same are true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

Sworn to before me this

_23_ day of _February_____, 20_23_

Petitioner

**[sign your name before a Notary]**

Notary Public

DONDRE STEVEN PERRY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6368561
Qualified in New York County
My Commission Expires _12|18|2025_

LORI GARDNER-ALFRED

**[print your name]**

3

**BANK POLICY**

INTERNAL FR/ OFFICIAL USE

# COVID-19 Vaccination

Public health officials, including the Centers for Disease Control and Prevention (CDC), advise that COVID-19 is a disease that can cause serious, life-threatening complications.  In addition, COVID-19 is a highly contagious disease, and an individual infected with COVID-19, even if asymptomatic or pre-symptomatic, may spread the virus to other individuals around them, including colleagues in a work environment.

To provide for the health and safety of all employees, the COVID-19 Vaccination Policy sets requirements for all Bank employees with respect to vaccination against COVID-19 and outlines the consequences for failing to meet those requirements.

## 1. Applicability & Scope

This Policy applies to all Bank employees.

### Roles & Responsibilities

Each Bank employee is responsible for complying with the vaccination requirements outlined below.

## 2. Policy Requirements

2.1. **Vaccination Requirement**.  As a condition of employment, every individual employed by the Bank must be fully vaccinated against COVID-19, as defined in applicable public health guidance, and receive a booster shot within thirty (30) days of becoming eligible to do so, unless they receive an accommodation related to this requirement as provided below.

2.2. **Reporting Requirement**.  All employees are required to report their vaccination and booster status to the Bank's Health and Wellness team. The following information must be provided: dates of vaccination(s)/booster and type of vaccine/booster.

2.3. **Attestation**.   All employees who are fully vaccinated must complete an attestation confirming their vaccination status.  The Bank may request additional documentation of proof of COVID-19 vaccination from any individual at any time.

COVID-19 Vaccination
Internal FR/ Official Use

2.4. **Accommodations.**

2.4.1. Accommodations from this policy may be granted, as required by law, for employees unable to obtain a vaccine due to a medical condition or a sincerely held religious belief that precludes receiving the COVID-19 vaccine.  An employee requesting an accommodation based on religious belief must complete a religious accommodation request form and submit it to the People Relations team.  The employee must clearly explain why receiving the COVID-19 vaccination would be contrary to their religious beliefs and may be required to provide supporting information.

2.4.2. An employee requesting an accommodation because they are pregnant, nursing, or have an underlying medical condition that contraindicates immunization with the vaccine  must complete a medical accommodation request form and submit it to the Bank's Leaves Team.   For medical accommodation requests, the form includes a requirement to provide an Authorization for Release of Information and certification from the employee's health care provider.

2.5. **COVID-19 Safety and Infection Prevention Procedures.**  This policy is in addition to other Bank COVID-19 safety and infection prevention procedures (e.g., not entering the premises when ill, requirements related to wearing face coverings or physical distancing, etc.). All employees are required to follow all such procedures, regardless of their vaccination status.

2.6. **Violations.** Any person not following any element of this policy or falsifying the reporting of vaccine information will be subject to disciplinary action, up to and including termination of employment.

# 3.  Related Policies & Resources

3.1. Progressive Discipline Policy

# 4.  Policy Administration Information

| Effective Date: | December 8, 2021 |
|---|---|
| Policy Owner: | People & Engagement Group |
| Policy Contact: | Refer to Business Owner Listing |

**Gardner, Lori**

*Exhibit B*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Tuesday, August 10, 2021 1:41 PM |
| **To:** | Gardner, Lori; NY People and Engagement-People Relations Function |
| **Subject:** | RE: Vaccine Religious Accommodation Request |

INTERNAL FR/OFFICIAL USE // FRSONLY

Hi Lori,
We have received your religious accommodation request. We will review your request and will be back in touch with you no later than the beginning of September with any follow up questions and to discuss next steps in the Bank's interactive process.

In the meantime, if you have any questions regarding your submission or the religious accommodation request process, feel free to reach out to me. Thank you. Karen

**Karen Lynch** | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**From:** Gardner, Lori <lori.gardner@ny.frb.org>
**Sent:** Monday, August 9, 2021 7:22 PM
**To:** NY People and Engagement-People Relations Function <NY.People.and.Engagement-People.Relations.Function@ny.frb.org>
**Subject:** Vaccine Religious Accommodation Request

INTERNAL FR/OFFICIAL USE // FRSONLY

Hi All,

Please see attached document and let me know if you need anything else. Thanks

| | |
|---|---|
| Name: | Lori Gardner-Alfred |
| Group: | People & Engagement |
| Telephone: | 720-2926 |
| Employee ID: | 027484 |
| Location: | Main building/10F |
| Job Title: | Sr Executive Specialist-EVP |

NOTIFICATION
OF
VACCINATION EXEMPTION
(By Affidavit)

STATE OF NEW YORK}}

BRONX COUNTY}}

I, Lori Gardner-Alfred, domiciled at 1456 Minford Place, Bronx, New York, 10460, do hereby affirm under penalty of law that I am over 18 years of age and competent to testify of My own knowledge, on My own behalf, of the facts stated herein; that all facts stated by Me herein are true and correct to the best of My knowledge and understanding.

<u>Presentation of Facts</u>:

1. That: Pursuant to; the "Free Exercise Clause" of the First Amendment/Bill of Rights to the 1787 De Jure Constitution of these united states for America; (Wisconsin v Yoder/1972; West Virginia v Barnette/1943);

2. The New York State Constitution - Article 1, Sub-sections (3) and (11); "Religious Liberty";

3. Title VII of the Civil Rights Act of 1964, 701 et, seq. 717, as amended Nov. 1st, 1980 (Part 1605.1);

4. Title 21 U.S.C. §360bbb-3(e)(1)(A)(ii)(I-III); of "The Fed. Food, Drug, & Cosmetic Act";

5. Title 18, U.S.C.; Section 242 "Deprivation of Rights Under Color of Law"; And...

6. Pursuant to Supreme Court Decision 'Frazee v. Illinois / Dept. of Empl. Security', 489 US 829 (1989);
[Exhibits upon request]

7. I file by lawful Right this 'Notification of Vaccination Exemption' (by Affidavit) – exemption to include all vaccinations, all injections of foreign proteins, prophylaxis and testing, Tests for Diseases, (False Positive-prone HIV-AIDS/COVID-19 Tests; viz; ELISA; RT-PCR/Lab Corp. #139900; ATP; COH Count; et.al); which include (but are not limited to), any and all inoculations, Oral or Inhaled Vaccines, Epidermal Patches, and any other way(s) that live or killed Bacterium, Viruses (e.g.; Tuberculin Purified Protein Derivative, or Mantoux Skin Test, aka; Tubersol™), attenuated viruses for Rubella vaccine (RA27/3;) obtained from aborted fetuses, then cultivated on fetal tissue from other aborted babies (WI-38/mRNA), also in Rubella portion of the MMR-II vaccine; Chickenpox vaccine containing WI-38, MRC-5, and Hepatitis-A (MRC-5) also obtained from human babies electively aborted; Pathogens, Germs, Animal and/or human DNA and related blood by-products, or other natural or genetically engineered Microorganisms that would be introduced into or upon Me, because the practice of Vaccination (et.al) is contrary to My sincere and conscientiously held Religious Beliefs and Convictions, and violates the Free Exercise of these Principles. I also understand that I might be subject to exclusion from certain public places in the event of an official Governor-declared State of Emergency, in response to an outbreak of disease(s) for which immunization is recommended, and choose instead to wear a mask and/or partially "self-quarantine" until the "danger of exposure" has passed.

Lori Gardner-Alfred, *Affiant*

Before me, the undersigned authority in and for Bronx County and the State of New York, personally appeared Lori Gardner-Alfred (*Affiant*), who is known to me and who has Sworn to, Affirmed and Subscribed before me this _____ day of _Acegost_ , 20_2_1_

My Commission Expires: _10/14/2024_

Notary Seal Signature

PERICLES M MOREL
Notary Public - State of New York
NO. 01MO6195007
Qualified in Bronx County
My Commission Expires 10/14/2024

**Gardner, Lori**

*Exhibit C*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Friday, October 01, 2021 12:39 PM |
| **Subject:** | Religious Accommodation Request Update |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Good afternoon,

We recently reviewed your religious accommodation request for an exception to the Bank's vaccination requirement, as outlined in the COVID-19 Vaccination Policy.

At this time, the Bank is temporarily granting your request for an accommodation through November 30, 2021. The Bank will reassess your request for an accommodation after that date to determine whether and how the Bank may be able to continue accommodating you at that time as we continue to evaluate health and safety conditions related to the pandemic that impact the Bank.

Please note that you will not be allowed onsite at any of the Bank's locations during this accommodation period.

Should you have any questions or concerns, please do not hesitate to reach out.

Regards,
Karen

**Karen Lynch** | People Relations Leader

**FEDERAL RESERVE BANK** *of* **NEW YORK**
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**Diaz, Jeanette**

*Exhibit O*

| | |
|---|---|
| **From:** | Hassan, Naureen |
| **Sent:** | Monday, November 1, 2021 2:52 PM |
| **To:** | NY All Bank Employees RESTRICTED |
| **Subject:** | Update on Return to the Workplace Timing |

INTERNAL FR/OFFICIAL USE // FRSONLY


**INTERNAL FR/OFFICIAL USE // FRSONLY**



OFFICE OF PRESIDENT AND FIRST VICE PRESIDENT

Colleagues,

We hope you all had a Happy Halloween. We each enjoyed seeing so many kids out trick-or-treating in their costumes on Sunday. Both of us agree that we could have exercised a little more self-control around the candy—but that's what New Year's resolutions are for.

We were so pleased to see the news on Friday that the FDA has authorized the Pfizer-BioNTech coronavirus vaccine for children ages 5 to 11, with distribution likely to begin later this week. This means that 94% of the U.S. population is now eligible to receive a COVID-19 vaccine—an important milestone for our safety.

It also means that we can begin to plan for our official return-to-work date. As you'll recall, we announced last month that we would launch our new, flexible working model 60 days after the FDA approved the COVID-19 vaccine for children 5 to 11 years old. To give all of you time to settle in after the New Year and establish new routines, we set our return-to-workplace date for January 10, 2022.

We are so excited that we will all be able to work together in person again soon. The combination of flexibility and regular, in-person connections with colleagues is the hallmark of our new working model. We set that in motion last week, when 275 employees participated in the launch of our "Back to the Bank" program. It was wonderful to see so many of you walking through the halls and having lunch in our new cafeteria. Our own informal poll showed that employees are enjoying the pizza as much as we do.

We can't wait to see more of you as you come "Back to the Bank" in the weeks to come, and we are looking forward to the official start of our new chapter on January 10.

John and Naureen


**Naureen Hassan** | First Vice President & COO

FEDERAL RESERVE BANK *of* NEW YORK

T  212.720.7987
M  917.859.5459

1

# Gardner, Lori

Exhibit E

| | |
|---|---|
| **From:** | Gardner, Lori |
| **Sent:** | Friday, December 24, 2021 7:35 AM |
| **To:** | Lynch, Karen P (Karen.Lynch@ny.frb.org) |
| **Cc:** | Dingman, Lacey M (Lacey.Dingman@ny.frb.org) |
| **Subject:** | RE: Important Information-Reassessment of Temporary Accommodation |

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Re: Failing by not curing the condition of Fault by not answering The Notice of Fault

Karen,

Your failing by not curing the condition of Fault, existing with respect to my request for information concerning Your CoViD-19 policy is prima facie evidence of the condition of Default. I hereby give you Notice of the Default. Default being defined as: "The non-performance of a duty, whether arising under contract or otherwise. In its largest and most general sense, it seems to mean failing". (Bouvier's Law Dictionary Rawle's Third Revision pg. 814)

This is a Final Notice advising you of the fact of your being estopped by your acquiescence and Constructive Fraud from taking any further adverse action against me in this matter. If you take any further adverse actions against me in this matter it will be deemed, by operation of law, as arbitrary and capricious and I will have other alternative but to seek a redress to enforce the rights and duties of all parties in a court of competent jurisdiction.

Thank you again for you due diligence in this matter.

Lori

**From:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Sent:** Thursday, December 23, 2021 7:14 AM
**To:** Gardner, Lori <lori.gardner@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** RE: Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Lori,

We strongly disagree with your suggestion that the Bank has acted in bad faith in this process. To the contrary, the Bank has engaged in an interactive process with you, in good faith, to determine whether the Bank can reasonably accommodate your stated religious beliefs, given your specific circumstances, without imposing an undue hardship on the Bank. After thorough consideration, it was determined that unfortunately no such accommodation exists. Working remotely is not possible for you when the Bank begins its flexible onsite work model in January because your essential job responsibilities include, among other things, maintaining physical office space and escorting visitors at the Bank,

1

both of which require your presence at the Bank's premises. The Bank also determined that testing, masking, and other protocols do not sufficiently reduce the safety risks to Bank employees and its external visitors given the close proximity and frequency of your interactions with them. We hope that this answers your questions about the accommodation process.

As to your questions related to the vaccines' effectiveness and side effects, as well as about COVID-19's transmissibility, we encourage you to engage directly with your healthcare provider.

Best,
Karen

Karen Lynch | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**From:** Gardner, Lori <lori.gardner@ny.frb.org>
**Sent:** Tuesday, December 21, 2021 12:46 PM
**To:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** RE: Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Thank you for your response to my request for specific information and documentation in the above referenced matter.

I have done the necessary research, and this is my formal reply.

The information and CDC website links provided by the Bank failed to satisfy my request and therefore, failed to show that their exists any objective or scientific evidence to support the Banks policy, conclusions, and/or potential actions showing that my being "unvaccinated" against the SARS-COV-2 virus causes or is likely to cause "Undue Hardship" to the Bank.

Specifically, the Bank response failed to address the following issues and items requested by me in this matter.

A.   The specific facts and factors used and/or relied upon by The Bank to determine or conclude any "Undue Hardship".
B.   Whether or not any said "vaccine" prevents the spread of the SARS CoV-2 virus.
C.   Whether or not the policy of masking and social distancing within the office is sufficient to protect all workers within the building.
D.   Whether or not periodic testing for SARS CoV-2 infection is sufficient to ensure workers, whether vaccinated or not, are not exposed to the SARS CoV-2 virus.

E. Whether or not The Bank was prepared to indemnify me from any damages caused by taking said "vaccine".

F. Whether or not there exists proof of A-symptomatic transmission of said virus from a person to another (and, if yes, under what circumstances)

G. Whether or not a non-vaccinated person is a potential health threat to a vaccinated person.

Additionally, the Banks response did not state what specific job functions or duties were excused during my time working from home? And also, why I could not sufficiently continue to perform my work duties from home as a reasonably accommodation until any health emergency ends.

The Banks failure by not answering the above issues creates a condition of Faults with respect to The Banks duty under the law. Fault being defined as: "Negligence; an error or defect of judgement or conduct; any deviation from prudence, duty or rectitude; any shortcoming, or neglect of care or performance resulting from inattention, incapacity, or perversity; a wrong tendency, course, or act; bad faith or mismanagement, neglect of duty". (Black's Law Dictionary 4th Edition, Pg. 738)

The condition of Fault is also evidence of Bad faith on your part. "Bad Faith" being defined as: "The opposite of "good faith", generally implying or involving actual or constructive fraud; a neglect or refusal to fulfil some duty or some contractual obligation, not prompted by an honest mistake as to ones rights or duties". (Black's Law Dictionary 4th Edition, Pg. 176).

If you wish to cure the condition of Fault you must:

A. Answer by addressing substantially and materially the issues outlined herein or,

B. Respond, showing cause under applicable law(s), why you are not required to answer my request and/or why I do not have the right to ask for or receive such information. The condition of Fault, being not cured within (10) ten days of your receipt, creates by operation of law, the conditions of Default and Estoppel, as a result of your silence.

Thank you again for you due diligence in this matter.


Lori


**From:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Sent:** Friday, December 10, 2021 4:38 PM
**To:** Gardner, Lori <lori.gardner@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** RE: Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY


**INTERNAL FR/OFFICIAL USE // FRSONLY**

Lori,

You requested an accommodation from the Bank's COVID-19 Vaccine Policy based upon a stated religious belief or practice. As we informed you previously, the Bank determined that it cannot reasonably accommodate you onsite if you are unvaccinated due to some of the essential functions of your position. This was an individualized analysis that took into account your expected job responsibilities in January 2022 when the Bank begins its flexible onsite work model, as well as the reasonableness and hardships associated with various potential accommodations. Certain of the essential functions of your job were excused during the pandemic. However, these functions are expected to resume when the Bank begins its flexible work model, and will require you to be onsite periodically. In other words, working remotely, as

you propose below, is not a potential accommodation because some of your job duties require you to physically be at the Bank's premises.  The Bank also cannot reasonably accommodate you onsite, because doing so poses increased safety risks to the Bank, and its employees, as well as to its external visitors, with whom your job requires you to have face-to-face interactions.  This information should address all of your questions regarding why the Bank cannot accommodate you.

In addition to seeking information about the Bank's decision on your religious accommodation request, you have also asked a number of questions related to the COVID-19 vaccines themselves.  For your convenience, we refer you to the CDC's website, which contains helpful information concerning transmissibility and infection-induced immunity versus vaccine-induced immunity (https://www.cdc.gov/vaccines/covid-19/hcp/answering-questions.html?s_cid=11714:covid%20immunity%20after%20infection:sem.ga:p:RG:GM:gen:PTN:FY22#infection-vs-vaccine-immunity), side effects (https://www.cdc.gov/vaccines/covid-19/hcp/answering-questions.html?s_cid=11714:covid%20immunity%20after%20infection:sem.ga:p:RG:GM:gen:PTN:FY22#side-effects), and why vaccinations are recommended despite breakthrough infections (https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html).  We also note that the Pfizer-BioNTech vaccine has been fully approved by the FDA, and two other vaccines have been authorized on an emergency basis.  To the extent you have additional questions of a medical or personal nature regarding the vaccines that are unrelated to your religious accommodation request, we encourage you to consult your healthcare provider.

Again, this decision was not made lightly and is not a reflection of your performance or your service to the Bank.  You asked below whether you may continue to work for the Bank if you are vaccinated between December 26 and January 7, 2022.  If you intend to start the vaccination process, please let me know.  If you decide to not become vaccinated, on or after January 7, 2022, you will receive additional information on your departure from the Bank separately, which will include information on your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

Regards, Karen

**Karen Lynch** | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**From:** Gardner, Lori <lori.gardner@ny.frb.org>
**Sent:** Thursday, December 9, 2021 4:23 PM
**To:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** RE: Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Karen,

This is my formal response and reply to your email of November 29, 2021, in the above referenced matter. Based on the information contained in your email and the stated Policy of the Bank concerning employee requirement to be vaccinated against CoViD-19, I need some clarity in order for me to fully understand the rights and duties of all parties in this matter.

With respect to the Banks withdrawal of the accommodation afforded me in this matter, kindly provide answers to the following:

A. Kindly explain the specific facts and factors used and/or relied upon to determine that my failure to provide proof of "vaccination" against CoViD-19 would cause undue hardship to the Bank.

B. Kindly include and explain, with respect to the foregoing whether or not the Bank's analysis considered the fact that the CoViD-19 vaccination does not prevent the spread and/or transmission of the SARS COV-2 virus.

C. If employees of the Bank are required to wear masks and social distance while working at the office, how would my not being "vaccinated" against CoViD-19 be considered an Undue Hardship?

D. With respect to the December 26, 2021 and January 7, 2022 date, is it the Banks position that if I show proof of vaccination after December 26, 2021, but before January 7, 2022, I would still be terminated?

With respect to the Banks CoViD-19 Policy, kindly provide answers to the following:

1. Since it has been shown through well publicized studies, that previous infection and recovery from CoViD-19 disease brings antibody immunity at least equivalent to, if not superior to, "vaccination" immunity, why does the Banks policy not consider immunity acquired from previous infection of CoViD-19 as part of its policy?

2. Why wouldn't the Banks failure to include these options (since apparently vaccination isn't enough) be considered discriminatory, arbitrary, and coercive toward an experimental medical procedure, such as the CoViD-19 "vaccination"?

3. Since it is known that, according to VAERS, there have been 100's of thousands of adverse effects and reactions reported after injection of the CoViD-19 "vaccination", is the Bank prepared to indemnify me and/or my family for the cost of any adverse reaction and/or injury, including death, attributable to said Vaccination?

4. Can you provide the information (specific webpages, links, names of studies, etc.) which support or prove the conclusion, contained in the Banks Policy, that one who has no identifiable symptoms can still have CoViD-19 disease and spread the same to others?

5. Whether or not the Bank considered and rejected the option for an employee to be tested for SARS COV-2 virus and/or antibodies for the same, and rejected such option? If the answer to the foregoing is 'yes', kindly give an explanation as to why.

6. Kindly state why I do not or cannot have the option of working remotely as a solution to any health concerns, unless or until any health emergency ends.

The information requested is essential for me to understand fully the reasoning and the Policy of the Bank, and the right and duties of all parties in this matter. Kindly provide the information requested on a point by point basis, clearly indicating if there is no information response to any particular item. If it is the Banks position with respect to any of the items requested that the Bank is not required to provide and/or I do not have the right to receive any of the information requested kindly state with particularity the legal basis for such position.

Thank you in advance for your due diligence and cooperation in this matter.

Regards,
Lori


**From:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Sent:** Monday, November 29, 2021 4:33 PM
**To:** Gardner, Lori <lori.gardner@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Lori,

You were previously notified that the Bank granted you a temporary accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy through November 30, 2021. In that correspondence, we advised you that the Bank would be reassessing that decision to determine whether the Bank may be able to continue accommodating you going forward.

The Bank has reassessed your temporary accommodation based on an evaluation of health, safety and population conditions related to the pandemic that impact the mission of the Bank. Those conditions include the increasing number of employees returning to the Bank in January, the return of external visitors, and your essential job functions (including the frequency of your interaction with external visitors and others at the Bank and your proximity to others while conducting your job responsibilities).

The essential functions of your job require you to be onsite periodically. These essential functions have been excused due to the COVID-19 pandemic, but are expected to resume in January, when Bank employees return to commence a flexible onsite work model. Having evaluated the criteria above, we have concluded that permitting you to return to work onsite poses an undue hardship on the Bank, as it would increase the safety risks to the Bank and its other employees and negatively impact productivity. Accordingly, as of January 7, 2022, your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy will end. We appreciate your dedication and work at the Bank. This was a difficult decision for the Bank and is not a reflection of your performance or commitment to the Bank.

Please note that if you decide to become vaccinated, you will need to receive both doses of the COVID-19 vaccine (or one dose of the Johnson & Johnson vaccine) by December 26, 2021 and will need to provide proof of vaccination to the Health & Wellness team by that time.

If you decide to not become vaccinated, on or after January 7, 2022, you will receive additional information on your departure from the Bank separately, which will include information on your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

If you have questions, please contact the People Relations team.

Regards,
Karen

Karen Lynch | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**Diaz, Jeanette**                                              *Exhibit #G*

| | |
|---|---|
| **From:** | NY Executive Committee <ny.executive.committee@ny.frb.org> |
| **Sent:** | Thursday, December 30, 2021 4:36 PM |
| **Subject:** | Important Update: Delaying the Launch of our Flexible Working Model |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY


INTERNAL FR/OFFICIAL USE // FRSONLY




**A MESSAGE FROM THE EXECUTIVE COMMITTEE**

Colleagues,

Over the past few weeks, we have been looking forward to bringing everyone back together beginning Monday, January 10, with the transition to our flexible working model. However, owing to the rapidly evolving conditions, testing challenges, and our commitment to providing a safe workplace, **we have made the decision to temporarily delay the launch of our flexible working model.** While we can't offer an exact return date at this point, we will provide an update later in January.

The Bank remains open, but due to our ongoing focus on the health and safety of our onsite essential staff, other staff who can carry out their duties remotely should refrain from coming in unless they have a compelling business reason to work onsite.

Regardless of whether or not you will be in the Bank, if you have been exposed to someone who has tested positive for COVID-19, or have tested positive yourself, be sure to report your results to Health and Wellness. Please visit The Future of Work homepage on the intranet for up-to-date information on our policies and guidelines related to COVID-19 and our flexible working model.

We remain committed to our new working model and look forward to seeing everyone back at the office as soon as we are safely and confidently able to do so.

Best wishes to you and your families for a happy and healthy New Year.

Executive Committee

# Gardner, Lori

*Exhibit B*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Wednesday, January 05, 2022 3:30 PM |
| **To:** | Gardner, Lori |
| **Cc:** | Dingman, Lacey M |
| **Subject:** | Important Information Regarding Your Temporary Accommodation |

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Lori,

In response to your email of December 24, 2021, at this time, the Bank has already responded to your inquiries concerning why the Bank can no longer accommodate you when all Bank employees return onsite.  If you have any other questions specifically concerning your request for a religious accommodation, please feel free to contact us.  The remaining questions you have posed concern the efficacy of the vaccine and the transmissibility of COVID-19 generally.  As we stated previously, we encourage you to speak with a healthcare professional and/or consult the CDC website to address those topics.

Additionally, as you know, on December 30, 2021 the Bank announced a delay in the Flexible Work Model launch and a new launch date has not been announced at this time.
While the Bank's determination that it cannot accommodate you when Bank employees return onsite has not changed, as a result of this delay, the Bank is temporarily extending your accommodation through the new launch date.  Once a new date has been announced, we will advise you via email of the date your accommodation will end.

Please let me know if you have any questions regarding the above information.  Thank you.  Karen

Karen Lynch | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

1

**Gardner, Lori**

*Exhibit E*

| | |
|---|---|
| **From:** | NY Executive Committee <ny.executive.committee@ny.frb.org> |
| **Sent:** | Friday, January 21, 2022 11:33 AM |
| **Subject:** | Update on Our Return to the Workplace |
| **Categories:** | Red Category |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**



**A MESSAGE FROM THE EXECUTIVE COMMITTEE**

Colleagues,

Now that new COVID-19 cases across our region are on a steep decline—a trend that health experts expect to continue in the coming weeks—we can start thinking about returning to work onsite. We met this morning and decided to launch our new, flexible work model on Monday, February 28. Nonessential employees who would like to return to the office earlier can do so beginning Monday, February 7.

We are excited to start this new chapter at the Bank. We believe that with everyone coming to the office a couple days a week, we can strike a balance between giving you the flexibility you need at home while retaining the important benefits of collaborating in person for work.

As a reminder, employees are required to receive COVID-19 booster shots within 30 days of becoming eligible. You can register to receive your third shot at one of our booster clinics.

In addition, we also now require employees to wear a highly protective mask—such as a N95, KN95, KF94 or, at minimum, a surgical mask—while in public areas of the Bank. KN95 masks will be available at entrances to Bank facilities.

Please visit The Future of Work homepage for up-to-date information on our policies and guidelines related to COVID-19 and our flexible work model.

We are looking forward to seeing all of you in person.

Executive Committee

**Gardner, Lori**

*Exhibit J*

| | |
|---|---|
| **From:** | Gardner, Lori |
| **Sent:** | Monday, February 07, 2022 12:29 PM |
| **To:** | Lynch, Karen P |
| **Cc:** | Dingman, Lacey M |
| **Subject:** | RE: Important Information Regarding Your Temporary Accommodation |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Karen,
This is my formal reply to your email below on February 3rd regarding the Bank's threat to terminate my employment under the guise of an alleged perceived undue hardship under the Bank's COVID-19 Vaccine Mandate and the Flexible Work Model.  Based on the previous correspondences between ourselves concerning this matter, there is a clear legal and factual controversy which exists concerning our positions.

It was hoped that based on the facts and factors which lead to the Bank's "delay" in implementing your Flexible Work Model, the Bank would have conformed its Policy toward a more reasoned and common-sense approach.  Since that appears not to be the case, I am left with no choice but to pursue other options to enforce the rights and duties of the parties, in order to resolve this controversy.

Thank you again for your due diligence in this matter.

Lori Gardner

**From:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Sent:** Thursday, February 03, 2022 3:15 PM
**To:** Gardner, Lori <lori.gardner@ny.frb.org>
**Cc:** Dingman, Lacey M <Lacey.Dingman@ny.frb.org>
**Subject:** Important Information Regarding Your Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Lori,
You were previously notified via email on November 29, 2021 that your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy would end as of January 7, 2022 in light of the January 10, 2022 launch of the Flexible Work Model. This decision was made following an evaluation of health, safety and population conditions related to the pandemic that impact the mission of the Bank.  Those conditions included the increasing number of employees returning to the Bank, the return of external visitors, and your essential job functions (including the frequency of your interaction with external visitors and others at the Bank and your proximity to others while conducting your job responsibilities). Permitting you to return to work onsite would pose an undue hardship on the Bank, as it would increase the safety risks to the Bank and its other employees and negatively impact productivity.

1

On December 30, 2021, the Bank announced a delay in the January 10, 2022 launch of the Flexible Work Model. As a result of this delay, the Bank informed you that it temporarily extended your accommodation through the new launch date.  On January 21, 2022 the Bank announced that the Flexible Work Model will launch on February 28, 2022. Therefore, as of February 25, 2022, your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy will end.

On or after February 25, 2022, you will receive additional information on your departure from the Bank, which will include information regarding your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

If you have questions, please contact the People Relations team.

Regards,

Karen

**Karen Lynch** | People Relations Leader

**FEDERAL RESERVE BANK** *of* **NEW YORK**
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------x

_Lori Gardner-Alfred, et al._,
**[fill in name(s)]**        Plaintiff(s)/Petitioner(s)

- against -

_Federal Reserve Bank of N.Y._,
**[fill in name(s)]**        Defendant(s)/Respondent(s)

------------------------------------x

**Index Number**

_100741/2022_

UNIFORM RULE SECTION 202.7
AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK     )
COUNTY OF _NEW YORK_  )     ss:

_Lori Gardner-Alfred_, **[your name]**, being duly sworn, deposes and says:
I am the self represented **[circle one]** plaintiff / defendant in this matter. I make this supplemental
affidavit in support of my Order to Show Cause for a Temporary Restraining Order (TRO).

**[Check box that applies]**

☐ I have made a good faith effort to notify the party against whom the TRO is sought of the date, time and
place that this request will be made in a manner sufficient to permit the party an opportunity to appear in
response to the application as follows:
  On **[date]** _February 22_, 20_22_ at **[time]** _11:33 AM_ AM / PM, I contacted by telephone,
the **[circle one]** plaintiff / plaintiff's attorney /(defendant)/ defendant's attorney / other named below.
  _Phyliss Cewera told me there is_
  _a Human DSC. She said she would direct_
  _the General Counsel_
  _____

**[name, address, telephone number]**

I informed the above named party that on **[date and time]** _____, 200__, at ____ AM / PM,
I will submit the Order to Show Cause to the **[name of Judge]** Hon. _____,
located at **[circle one]**  60 - 80 - 100 - 111  Centre St. / 71 Thomas St., Part _____ **[number]**,
Room _____ **[number]**, **[telephone number]** (646) 386 - _____.
  When informed by the court of the date, time and place the Judge is available to hear argument on
the TRO, I will immediately notify the above named party by telephone.

☐ I have not contacted the party against whom the TRO is sought of the date, time and place this request will
be made. I believe that by giving notice there will be significant prejudice to me for the following reason(s):
**[state reasons]** _____
_____
_____
_____

Sworn to before me this
_23_ day of _FEB_, ~~200~~ _2023_

_____
Notary Public

XIUSHAN LAI
Notary Public, State of New York
No. 01 4823372
Qualified in Queens County
Certificate Filed in New York County
Commission Expires November 19, 2024

_Lori Hudson-Alfred_
**[sign your name in front of a notary]**
_Lori Gardner-Alfred_
**[print your name]**

_____

_____
**[your address and telephone number]**

2-07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x

In the Matter of the Application of

LORI GARDNER-ALFRED, AND JEANETTE DIAZ                                    ,

**[fill in name(s)]**                         Petitioner(s),

        - against-

FEDERAL RESERVE BANK OF NEW YORK

_____

_____ ,

**[fill in name(s)]**   ,              Respondent(s).

-------------------------------------------------------------------------x

**Index Number**

100241/2022

~~Affidavit in Support of~~
VERIFIED PETITION *in Support of*

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

      The petition of **[your name]** __JEANETTE DIAZ_____ respectfully

shows to this court as follows:

      1. Petitioner resides at **[your address]** 23 EAST 43RD STREET BAYONNE, NEW JERSEY 07002

_____

      2. The respondent(s) is / ~~are~~ **[identify the respondent(s)]** _____

FEDERAL RESERVE BANK OF NEW YORK

_____

_____

      3. **[Describe what you are requesting and the reasons therefor. Add more pages if needed. If**

**you are appealing the decision of a government agency, give the date and outcome of the final**

**determination. Explain why this Court should reverse that decision.]** PETITIONER, JEANETTE DIAZ

IS AN EMPLOYEE OF RESPONDENT. I AM A SENIOR EXECUTIVE SPECIALIST. I'VE BEEN EMPLOYED B'

RESPONDENT FOR OVER 27 YEARS.

MY ESSENTIAL JOB FUNCTION IS AS EXECUTIVE ASSISTANT TO THE EXECUTIVE VICE

PRESIDENT OF RESPONDENT. THIS ENTAILS:

-- FACILITATING AND COORDINATING COMMUNICATIONS BETWEEN THE E.V.P. AND OTHER AREAS

   OF THE BANK.

-- MAKING CLAENDARS AND SCHEDULES OF APPOINTMENTS FOR THE E.V.P.

-- ORANIZING AND COORDINATING MEETINGS AND EVENTS.

-- RESERVING CONFERENCE ROOMS FOR MEETINGS AND CONFERENCES.

-- MAKINGS TRAVEL ARRANGEMENTS, ETC.

-- PROVIDING BACK UP COVERAGE TO EXECUTIVE ASSISTANTS WHERE NEEDED

-- TRAINING OF OUTSIDE PERSONS ON BANK PROGRAMS AND POLICIES.

-- RECORDS MANAGEMENT

-- POSTAL AND PRINTING SUPPORT

-- TAKING OF MINUTESAND/OR TRANSCRIPTS OF MEETING, AND DISTRIBUTION, ETC.


SEE ATTACHED

4. Attached as exhibits are copies of all relevant documents. **[Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. Identify each exhibit and explain how it supports your position. List additional Exhibits on a separate page.]**

Exhibit A - DEFENDANT'S COVID-19 VACCINATION POLICY

Exhibit B - PETITIONER'S EXEMPTION DOCUMENT SUBMITTED TO RESPONDENT

Exhibit C - RESPONDENT'S ACCOMODATION LETTER

Exhibit D - RESPONDENT'S RETURN TO WORK LETTER

Exhibit E - RESPONDENT'S VACCINATION DEADLINE LETTER TO PETITIONER (SEE ATTACHED)

5. A prior application *has not /* ~~has~~ **[circle one]** been made for the relief now requested. **[If you made this application before in this or any other court, describe where, when, the result and why you are making it again.]** _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
LORI GARDNER-ALFRED, and JEANETTE DIAZ;

Index No. 100241/2022

                Petitioner,

**VERIFIED PETITION**

    - against-

THE FEDERAL RESERVE BANK OF NEW YORK,

                Respondent.
-----------------------------------------------------------------------x

## <u>SUPPLEMENTAL EXHIBIT LIST</u>

EXHIBIT F – PETITIONER'S QUESTIONS, NOTICE OF FAULT, AND NOTICE OF
           DEFAULT TO RESPONDENT CONCERNING COVID-19 POLICY

EXHIBIT G – RESPONDENT'S RESPONSE TO PETITIONERS QUESTIONS

EXHIBIT H – RESPONDENT'S RESPONSE TO NOTICE OF FAULT

EXHIBIT I – RESPONDENT'S RESPONSE TO NOTICE OF DEFAULT

EXHIBIT J – RESPONDENT'S POSTPONEMENT OF BACK TO OFFICE DATE DUE TO
           ILLNESSES OF VACCINATED EMPLOYEES

EXHIBIT K – RESPONDENT'S VACCINATION EXTENSION LETTER TO PETITIONERS

EXHIBIT L – RESPONDENTS LETTER CONCERNING NEW BACK TO OFFICE DATE

EXHIBIT M – RESPONDENT'S LETTER STATING PETITIONER'S EMPLOYMENT
           WOULD BE TERMINATED ON FEBRUARY 25, 2022.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------x
LORI GARDNER-ALFRED, and JEANETTE DIAZ;

                             Petitioner,

Index No. 100241/2022

*Affidavit in Support of*
**VERIFIED PETITION**

       - against-

THE FEDERAL RESERVE BANK OF NEW YORK,

                           Respondent.
----------------------------------------------------------------------x

**BACKGROUND**

On or about March 05, 2020 was Petitioner, Jeanette Diaz, last day working in the office.

On or about March 06, 2020 was Petitioner, Jeanette Diaz, first day working from home.

On or about March 11, 2020, all employees of Respondent (The Bank) were informed concerning the initiation of work from home, due to the CoViD-19 crisis.

On or about June 4, 2021, the Bank advised all employees concerning schedule to start working in the Office.

On or about June 28, 2021, the Bank made inquiry concerning employee vaccination status.

On or about August 2, 2021, the Bank informed its employees concerning its' CoViD-19 Vaccination mandate policy. (Ex. A)

On or about September 1, 2021, Petitioner Jeanette Diaz, submitted my Medical & Religious Exemption document. (Ex. B)

On or about October 1, 2021 Respondent accepted Petitioner's Exemption. (Ex. C)

On or about November 1, 2021, the Bank set a back to the office date of January 10, 2022. (Ex. D)

On or about November 29, 2021, Respondent informed Petitioner's that I must be vaccinated by January 7, 2022 or I would be terminated on January 10, 2022. (Ex, E)

On or about December 9, 2021 Petitioner submitted questions to Respondent concerning its' CoViD-19 vaccination policy. (Ex, F-1)

On or about December 10, 2021, Respondent replied to Petitioner's questions. (Ex, G)

On or about December 21, 2021, Petitioner submitted a Notice of Fault to Respondent concerning questions which were left unanswered and giving Respondent the opportunity to answer said omissions. (Ex, F-2)

On or about December 23, 2021 the Bank replied to Petitioner's Notice of Fault. (Ex, H)

On or about December 24, 2021, Petitioner issued to Respondent a Notice of Default, due to its failure to cure it's failure to answer certain issues concerning its Policy. (Petitioner's simultaneously sent to Respondents legal department, by certified mail, Petitioner's initial inquiry, the Notices of Fault, and the Notice of Default for its' edification. (Ex, F-3)

On or about December 30, 2021, the Bank postponed its' January 10, 2022 back to the office date due to numerous illness of its' vaccinated employees. (Ex, I)

On or about January 5, 2022, Respondent extended the vaccination deadline date of January 7, 2022 concerning Petitioner's. (Ex, J)

On or about January 21, 2022, Respondent stated a new back to the office date of January 28, 2022. (Ex, K)

On or about February 3, 2022, Respondent noticed Petitioner's that we would be terminated on January 25, 2022. (Ex, L)

**ARGUMENT**

Respondent has failed to justify its CoViD-19 vaccination Policy for the following

reasons:

I. Respondent has failed to:

A. The specific facts and factors used and/or relied upon by The Bank to determine or conclude any "Undue Hardship".

B. Whether or not any said "vaccine" prevents the spread of the SARS COV-2 virus.

C. Whether or not the policy of masking and social distancing within the office is sufficient to protect all workers within the building.

D. Whether or not periodic testing for SARS COV-2 infection is sufficient to ensure workers, whether vaccinated or not, are not exposed to the SARS CoV-2 virus.

E. Whether or not The Bank was prepared to indemnify me from any damages caused by taking said "vaccine".

F. Whether or not there exists proof of A-symptomatic transmission of said virus from one person to another (and, if yes, under what circumstances).

G. Whether or not a non-vaccinated person is a potential health threat to a vaccinated person.

II. State a reasonable cause as to why Petitioner's cannot continue to work at home, other

than Petitioner's supposed inability to escort guests visiting the Bank.

Based on the foregoing, the Banks policy is clearly discriminatory, arbitrary, and

capricious. It is not supported by scientific knowledge and fact but fear and intimidation. Nor is it

based on Petitioner's ability to perform our job functions.

**Conclusion**

After over two years of the public exposure to the CoViD-19 virus and its varients, the

vast majority of the people, who do not have severe or chronic underlying conditions (co-

morbidities) are sufficiently protected, either by natural immunity and/or vaccination, from any

serious illness from said virus.

The protocols put in place in Respondent's Office Policy are sufficient to protect all employees working in the Office, whether vaccinated or unvaccinated under the prevailing circumstances.

WHEREFORE, your deponent respectfully requests that this Court **[briefly describe what you are requesting]** ISSUE AN IMMEDIATE INJUNCTION BARRING RESPONDENT FROM FIRING PETITIONERS UNTIL IT CAN SHOW CAUSE THAT PETITIONER'S NON-VACCINATION WILL CAUSE IT AN UNDUE HARDSHIP AND PREVENT PETITIONER'S FROM SATISFACTORILY PERFORMING OUR JOB DUTIES AND FUNCTIONS.

and grant such other and further relief as may to the court seem just and proper.

FEBRUARY 23 , 20 22
**[date signed]**

Petitioner **[sign your name]**

JEANETTE DIAZ
**[print your name]**

23 EAST 43RD STREET

BAYONNE, NEW JERSEY 07002

(347) 930-9090
**[your address and telephone no.]**

VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK          :    ss:

JEANETTE DIAZ                                    **[your name]**, being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same are true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

Sworn to before me this

23   day of February , 20 22

Notary Public

DONORE STEVEN PERRY
NOTARY PUBLIC STATE OF NEW YORK
No. 01PE6308901
Qualified in New York County
My Commission Expires 12/18/2023

Petitioner
**[sign your name before a Notary]**

JEANETTE DIAZ
**[print your name]**

3

*Exhibit A*

**BANK POLICY**

INTERNAL FR/ OFFICIAL USE

# COVID-19 Vaccination

Public health officials, including the Centers for Disease Control and Prevention (CDC), advise that COVID-19 is a disease that can cause serious, life-threatening complications.  In addition, COVID-19 is a highly contagious disease, and an individual infected with COVID-19, even if asymptomatic or pre-symptomatic, may spread the virus to other individuals around them, including colleagues in a work environment.

To provide for the health and safety of all employees, the COVID-19 Vaccination Policy sets requirements for all Bank employees with respect to vaccination against COVID-19 and outlines the consequences for failing to meet those requirements.

## 1. Applicability & Scope

This Policy applies to all Bank employees.

### Roles & Responsibilities
Each Bank employee is responsible for complying with the vaccination requirements outlined below.

## 2. Policy Requirements

2.1. **Vaccination Requirement**.  As a condition of employment, every individual employed by the Bank must be fully vaccinated against COVID-19, as defined in applicable public health guidance, and receive a booster shot within thirty (30) days of becoming eligible to do so, unless they receive an accommodation related to this requirement as provided below.

2.2. **Reporting Requirement**.  All employees are required to report their vaccination and booster status to the Bank's Health and Wellness team. The following information must be provided: dates of vaccination(s)/booster and type of vaccine/booster.

2.3. **Attestation**.   All employees who are fully vaccinated must complete an <u>attestation</u> confirming their vaccination status.  The Bank may request additional documentation of proof of COVID-19 vaccination from any individual at any time.

2.4. **Accommodations.**

    2.4.1. Accommodations from this policy may be granted, as required by law, for employees unable to obtain a vaccine due to a medical condition or a sincerely held religious belief that precludes receiving the COVID-19 vaccine.  An employee requesting an accommodation based on religious belief must complete a religious accommodation request form and submit it to the People Relations team.  The employee must clearly explain why receiving the COVID-19 vaccination would be contrary to their religious beliefs and may be required to provide supporting information.

    2.4.2. An employee requesting an accommodation because they are pregnant, nursing, or have an underlying medical condition that contraindicates immunization with the vaccine  must complete a medical accommodation request form and submit it to the Bank's Leaves Team.   For medical accommodation requests, the form includes a requirement to provide an Authorization for Release of Information and certification from the employee's health care provider.

2.5. **COVID-19 Safety and Infection Prevention Procedures.**  This policy is in addition to other Bank COVID-19 safety and infection prevention procedures (e.g., not entering the premises when ill, requirements related to wearing face coverings or physical distancing, etc.). All employees are required to follow all such procedures, regardless of their vaccination status.

2.6. **Violations.** Any person not following any element of this policy or falsifying the reporting of vaccine information will be subject to disciplinary action, up to and including termination of employment.

# 3. Related Policies & Resources
3.1. Progressive Discipline Policy

# 4. Policy Administration Information

| | |
|---|---|
| **Effective Date:** | December 8, 2021 |
| **Policy Owner:** | People & Engagement Group |
| **Policy Contact:** | Refer to Business Owner Listing |

**Diaz, Jeanette**

*Exhibit B*

| | |
|---|---|
| **From:** | Diaz, Jeanette |
| **Sent:** | Wednesday, September 1, 2021 10:28 AM |
| **To:** | NY People and Engagement-People Relations Function |
| **Cc:** | Diaz, Jeanette |
| **Subject:** | Vaccine Accommodation |
| **Attachments:** | Vaccine Religious Accommodation Request Form J Diaz 09012021.pdf |

**INTERNAL FR/OFFICIAL USE // FRSONLY**

**Jeanette Diaz** | Executive Assistant to CIO
_____

FEDERAL RESERVE BANK *of* NEW YORK

Technology Group

T   212.720.6623
M   347.573.2769
F   212.720.7869

**Federal Reserve Bank of New York**
33 Liberty Street
New York, NY 10045-0001

SPII FR

## Request for Religious Accommodation

*In order for the Bank to assess your request for an accommodation, you must complete this form and return it to the <u>People Relations Team</u> as soon as possible <u>**but no later than September 1, 2021 at 5:00 p.m.**</u>   Please contact a member of the <u>People Relations Team</u> if you have any questions.*

Employee Name: **Jeanette Diaz**

Employee ID: **019210**

Group: **Technology**

Office Location: **MB 10th Floor**

Telephone: **212-720-6623**

Job Title: **Sr. Executive Specialist**

Accommodation Request:  I am requesting an accommodation from the Bank's COVID-19 Vaccination Policy because of a sincerely held religious belief or practice.

*Please provide a complete and thorough explanation of the nature of your religious belief or practice and why receiving a vaccination for COVID-19 would be contrary to your religious belief or practice. Use additional pages if necessary.*

---

COLORADO CATHOLIC CONFERENCE
1535 Logan Street | Denver, CO  80203-1913
303-894-8808 | cocatholicconference.org

09/01/2021

To Whom It May Concern,

Jeanette Diaz is a baptized Catholic seeking a religious exemption from an immunization requirement. This letter explains how the Catholic Church's teachings may lead individual Catholics, including Jeanette Diaz, to decline certain vaccines.

The Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if his or her conscience comes to this judgment. While the Catholic Church does not prohibit the use of most vaccines, and generally encourages them to safeguard personal and public health, the following authoritative Church teachings demonstrate the principled religious basis on which a Catholic may determine that he or she ought to refuse certain vaccines:

• Vaccination is not morally obligatory in principle and so must be voluntary.
• There is a moral duty to refuse the use of medical products, including certain vaccines, that are created using human cells lines derived from abortion; however, it is permissible to use such vaccines only under case-specific conditions—if there are no other alternatives available and the intent is to preserve life.
• A person's assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects are to be respected unless they contradict authoritative Catholic moral teachings.
• A person is morally required to obey his or her conscience.

A Catholic may judge it wrong to receive certain vaccines for a variety of reasons consistent with these teachings, and there is no authoritative Church teaching universally obliging Catholics to receive any vaccine. An individual Catholic may invoke Church teaching to refuse a vaccine that used abortion-derived cell lines at any stage of the creation of the vaccine. More generally, a Catholic might refuse a vaccine based on the Church's teachings concerning therapeutic proportionality. Therapeutic proportionality is an assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects and burdens in light of the integral good of the person, including spiritual, psychological, and bodily goods.  The judgment of therapeutic proportionality must be made by the person who is the potential recipient of the intervention, not by public health authorities or by other individuals who might judge differently in their own situations.

The Catholic Bishops of Colorado have affirmed this in two letters dated December 14, 2020 and March 17, 2021, concerning COVID-19 vaccines, stating:

"The bishops of Colorado affirm that the use of some COVID-19 vaccines is morally acceptable under certain circumstances…. However, if individuals have serious moral objections or health concerns about vaccines, those concerns should be respected by society and government, and those individuals should not be forced into vaccination, contrary to their conscience. The government should not impose the COVID-19 vaccines on its citizens."

Furthermore, the free-exercise clause of the U.S. Constitution's First Amendment requires state accommodation of individuals who object to vaccinations on religious grounds. Government neutrality also requires religious accommodation when the state offers secular exemptions, which is the case in Colorado for medical and non-medical exemptions and exemptions through the Americans with Disabilities Act and Civil Rights Act of 1964.

Vaccination is not a universal obligation and a person must obey his or her own conscience. Therefore, if a Catholic comes to an informed judgment that he or she should not receive a vaccine, then the Catholic Church requires that the person follow this judgment of conscience and refuse the vaccine. The Catechism is clear: "Man has the right to act in conscience and in freedom so as personally to make moral decisions. 'He must not be forced to act contrary to his conscience. Nor must he be prevented from acting according to his conscience, especially in religious matters.'"

Sincerely,

Jeanette Diaz

_____
Congregation for the Doctrine of the Faith (CDF), "Note on the Morality of Using Some Anti-COVID-19 Vaccines," December 17, 2020, n. 5: "At the same time, practical reason makes evident that vaccination is not, as a rule, a moral obligation and that, therefore, it must be voluntary."
See Pontifical Academy for Life, "Moral Reflections on Vaccines Prepared from Cells Derived from Aborted Human Foetuses," June 9, 2005; Congregation for the Doctrine of the Faith, Instruction Dignitas personae, 2008, nn. 34-35; Congregation for the Doctrine of the Faith, "Note on the Morality of Using Some Anti-COVID-19 Vaccines," nn. 1-3. When there is a sufficiently serious reason to use the product and there is no reasonable alternative available, the Catholic Church teaches that it may be permissible to use the immorally sourced product under protest. In any case, whether the product is used or not, the Catholic Church teaches that all must make their disagreement known and request the development of equal or better products using biological material that does not come from abortions.
See United States Conference of Catholic Bishops (USCCB), Ethical and Religious Directives for Catholic Health Care Services, 6th ed. (Washington, DC: USCCB Publishing, 2018), n. 28. Hereafter "ERDs."
"A human being must always obey the certain judgment of his conscience. If he were deliberately to act against it, he would condemn himself…" Catechism of the Catholic Church (Vatican City: Libreria Editrice Vaticana, 1993), www.vatican.va, n. 1790. Hereafter "CCC."
See ERDs, nn. 32-33; nn. 56-57; Part Three, Introduction, para. 2; Part Five, Introduction, para. 3.
See ERDs, nn. 56-57. Both of these directives state that the proportionality of medical interventions is established "in the patient's judgment."
A Letter to the Faithful from the Colorado bishops on Covid-19 Vaccines, Colorado Catholic Conference, (2020, December 15). https://cocatholicconference.org/a-letter-to-the-faithful-from-the-colorado-bishops-on-covid-19-vaccines/.
Vaccine Exemptions. Department of Public Health and Environment. https://ccphe.colorado.gov/vaccine-exemptions.
Pandemic Preparedness in the Workplace and the Americans with Disabilities Act. U.S. Equal Employment Opportunity Commission. https://www.eeoc.gov/laws/guidance/pandemic-preparedness-workplace-and-americans-disabilities-act.
CCC, n. 1782, citing Second Vatican Council, Dignitatis humanae, December 7, 1965, n. 3.
NOTES

---

Signature: *Jeanette Diaz*

Date: **09/01/2021**



**COLORADO CATHOLIC CONFERENCE**

1535 Logan Street | Denver, CO 80203-1913
303-894-8808 | cocatholicconference.org

09/01/2021

To Whom It May Concern,

Jeanette Diaz is a baptized Catholic seeking a religious exemption from an immunization requirement. This letter explains how the Catholic Church's teachings may lead individual Catholics, including Jeanette Diaz, to decline certain vaccines.

The Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if his or her conscience comes to this judgment. While the Catholic Church does not prohibit the use of most vaccines, and generally encourages them to safeguard personal and public health, the following authoritative Church teachings demonstrate the principled religious basis on which a Catholic may determine that he or she ought to refuse certain vaccines:

- Vaccination is not morally obligatory in principle and so must be voluntary.[1]
- There is a moral duty to refuse the use of medical products, including certain vaccines, that are created using human cells lines derived from abortion; however, it is permissible to use such vaccines only under case-specific conditions—if there are no other alternatives available and the intent is to preserve life.[2]
- A person's assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects are to be respected unless they contradict authoritative Catholic moral teachings.[3]
- A person is morally required to obey his or her conscience.[4]

A Catholic may judge it wrong to receive certain vaccines for a variety of reasons consistent with these teachings, and there is no authoritative Church teaching universally obliging Catholics to receive any vaccine. An individual Catholic may invoke Church teaching to refuse a vaccine that used abortion-derived cell lines at any stage of the creation of the vaccine. More generally, a Catholic might refuse a vaccine based on the Church's teachings concerning therapeutic proportionality. Therapeutic proportionality is an assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects and burdens in light of the integral good of the person, including spiritual, psychological, and bodily goods.[5] The judgment of therapeutic proportionality

---

[1] Congregation for the Doctrine of the Faith (CDF), "Note on the Morality of Using Some Anti-COVID-19 Vaccines," December 17, 2020, n. 5: "At the same time, practical reason makes evident that vaccination is not, as a rule, a moral obligation and that, therefore, it must be voluntary."

[2] See Pontifical Academy for Life, "Moral Reflections on Vaccines Prepared from Cells Derived from Aborted Human Foetuses," June 9, 2005; Congregation for the Doctrine of the Faith, Instruction Dignitas personae, 2008, nn. 34-35; Congregation for the Doctrine of the Faith, "Note on the Morality of Using Some Anti-COVID-19 Vaccines," nn. 1-3. When there is a sufficiently serious reason to use the product and there is no reasonable alternative available, the Catholic Church teaches that it may be permissible to use the immorally sourced product under protest. In any case, whether the product is used or not, the Catholic Church teaches that all must make their disagreement known and request the development of equal or better products using biological material that does not come from abortions.

[3] See United States Conference of Catholic Bishops (USCCB), Ethical and Religious Directives for Catholic Health Care Services, 6th ed. (Washington, DC: USCCB Publishing, 2018), n. 28. Hereafter "ERDs."

[4] "A human being must always obey the certain judgment of his conscience. If he were deliberately to act against it, he would condemn himself..." Catechism of the Catholic Church (Vatican City: Libreria Editrice Vaticana, 1993), www.vatican.va, n. 1790. Hereafter "CCC."

[5] See ERDs, nn. 32-33; nn. 56-57; Part Three, Introduction, para. 2; Part Five, Introduction, para. 3.

1

must be made by the person who is the potential recipient of the intervention,[6] not by public health authorities or by other individuals who might judge differently in their own situations.

The Catholic Bishops of Colorado have affirmed this in two letters dated December 14, 2020 and March 17, 2021, concerning COVID-19 vaccines, stating:

> "The bishops of Colorado affirm that the use of some COVID-19 vaccines is morally acceptable under certain circumstances.... However, if individuals have serious moral objections or health concerns about vaccines, those concerns should be respected by society and government, and those individuals should not be forced into vaccination, contrary to their conscience. The government should not impose the COVID-19 vaccines on its citizens."[7]

Furthermore, the free-exercise clause of the U.S. Constitution's First Amendment requires state accommodation of individuals who object to vaccinations on religious grounds. Government neutrality also requires religious accommodation when the state offers secular exemptions, which is the case in Colorado for medical and non-medical exemptions[8] and exemptions through the Americans with Disabilities Act and Civil Rights Act of 1964.[9]

Vaccination is not a universal obligation and a person must obey his or her own conscience. Therefore, if a Catholic comes to an informed judgment that he or she should not receive a vaccine, then the Catholic Church requires that the person follow this judgment of conscience and refuse the vaccine. The *Catechism* is clear: "Man has the right to act in conscience and in freedom so as personally to make moral decisions. 'He must not be forced to act contrary to his conscience. Nor must he be prevented from acting according to his conscience, especially in religious matters.'"[10]

Sincerely,

Jeanette Diaz

---

[6] See ERDs, nn. 56-57. Both of these directives state that the proportionality of medical interventions is established "in the patient's judgment."

[7] *A Letter to the Faithful from the Colorado bishops on Covid-19 Vaccines.* Colorado Catholic Conference. (2020, December 15). https://cocatholicconference.org/a-letter-to-the-faithful-from-the-colorado-bishops-on-covid-19-vaccines/.

[8] *Vaccine Exemptions.* Department of Public Health and Environment. https://cdphe.colorado.gov/vaccine-exemptions.

[9] *Pandemic Preparedness in the Workplace and the Americans with Disabilities Act.* U.S. Equal Employment Opportunity Commission. https://www.eeoc.gov/laws/guidance/pandemic-preparedness-workplace-and-americans-disabilities-act.

[10] CCC, n. 1782, citing Second Vatican Council, Dignitatis humanae, December 7, 1965, n. 3.

NOTES

**Diaz, Jeanette**                                                        *Exhibit C*

From:            Lynch, Karen P
Sent:            Friday, October 1, 2021 12:39 PM
Subject:         Religious Accommodation Request Update

**Follow Up Flag:**    Follow up
**Flag Status:**       Flagged


INTERNAL FR/OFFICIAL USE // FRSONLY


**INTERNAL FR/OFFICIAL USE // FRSONLY**

Good afternoon,

We recently reviewed your religious accommodation request for an exception to the Bank's vaccination requirement, as outlined in the COVID-19 Vaccination Policy.

At this time, the Bank is temporarily granting your request for an accommodation through November 30, 2021. The Bank will reassess your request for an accommodation after that date to determine whether and how the Bank may be able to continue accommodating you at that time as we continue to evaluate health and safety conditions related to the pandemic that impact the Bank.

Please note that you will not be- allowed onsite at any of the Bank's locations during this accommodation period.

Should you have any questions or concerns, please do not hesitate to reach out.

Regards,
Karen

Karen Lynch | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T  201.531.3727
F  201.531.3724

*Personal Pronouns: she/her/hers*

**Diaz, Jeanette**                                    *Exhibit D*

| | |
|---|---|
| **From:** | Hassan, Naureen |
| **Sent:** | Monday, November 1, 2021 2:52 PM |
| **To:** | NY All Bank Employees RESTRICTED |
| **Subject:** | Update on Return to the Workplace Timing |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**



Colleagues,

We hope you all had a Happy Halloween. We each enjoyed seeing so many kids out trick-or-treating in their costumes on Sunday. Both of us agree that we could have exercised a little more self-control around the candy—but that's what New Year's resolutions are for.

We were so pleased to see the news on Friday that the FDA has authorized the Pfizer-BioNTech coronavirus vaccine for children ages 5 to 11, with distribution likely to begin later this week. This means that 94% of the U.S. population is now eligible to receive a COVID-19 vaccine—an important milestone for our safety.

It also means that we can begin to plan for our official return-to-work date. As you'll recall, we announced last month that we would launch our new, flexible working model 60 days after the FDA approved the COVID-19 vaccine for children 5 to 11 years old. To give all of you time to settle in after the New Year and establish new routines, we set our return-to-workplace date for January 10, 2022.

We are so excited that we will all be able to work together in person again soon. The combination of flexibility and regular, in-person connections with colleagues is the hallmark of our new working model. We set that in motion last week, when 275 employees participated in the launch of our "Back to the Bank" program. It was wonderful to see so many of you walking through the halls and having lunch in our new cafeteria. Our own informal poll showed that employees are enjoying the pizza as much as we do.

We can't wait to see more of you as you come "Back to the Bank" in the weeks to come, and we are looking forward to the official start of our new chapter on January 10.

John and Naureen

**Naureen Hassan** | First Vice President & COO

FEDERAL RESERVE BANK *of* NEW YORK

T   212.720.7987
M   917.859.5459

**Diaz, Jeanette**

*Exhibit E*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Monday, November 29, 2021 5:13 PM |
| **To:** | Diaz, Jeanette |
| **Cc:** | Dyson, Pamela |
| **Subject:** | Important Information-Reassessment of Temporary Accommodation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Jeanette,

You were previously notified that the Bank granted you a temporary accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy through November 30, 2021.  In that correspondence, we advised you that the Bank would be reassessing that decision to determine whether the Bank may be able to continue accommodating you going forward.

The Bank has reassessed your temporary accommodation based on an evaluation of health, safety and population conditions related to the pandemic that impact the mission of the Bank.  Those conditions include the increasing number of employees returning to the Bank in January, the return of external visitors, and your essential job functions (including the frequency of your interaction with external visitors and others at the Bank and your proximity to others while conducting your job responsibilities).

The essential functions of your job require you to be onsite periodically.  These essential functions have been excused due to the COVID-19 pandemic, but are expected to resume in January, when Bank employees return to commence a flexible onsite work model.  Having evaluated the criteria above, we have concluded that permitting you to return to work onsite poses an undue hardship on the Bank, as it would increase the safety risks to the Bank and its other employees and negatively impact productivity.  Accordingly, as of January 7, 2022, your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy will end.  We appreciate your dedication and work at the Bank.  This was a difficult decision for the Bank and is not a reflection of your performance or commitment to the Bank.

Please note that if you decide to become vaccinated, you will need to receive both doses of the COVID-19 vaccine  (or one dose of the Johnson & Johnson vaccine) by December 26, 2021 and will need to provide proof of vaccination to the Health & Wellness team by that time.

If you decide to not become vaccinated, on or after January 7, 2022, you will receive additional information on your departure from the Bank separately, which will include information on your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

If you have questions, please contact the People Relations team.

Regards,
Karen

**Karen Lynch** | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*



December 24, 2021


Federal Reserve Bank of New York
33 Liberty Street – 10th Floor
Legal Department
New York, New York 10045


Mr. Michael Held:

    Kindly find the enclosed hard copy documents of correspondences I originally emailed to Karen Lynch and Pamela Dyson, for your edification.

    If you have any questions concerning the foregoing, feel free to contact me at the email address below.

    Thank you for your attention to this matter.


Sincerely,


Jeanette Diaz
jeanette.diaz@ny.frb.org

Federal Reserve Bank of New York          *Exhibit F-1*

Karen:

This is my formal response and reply to your email of 11/29/21.

Based on the information contained in your email and the stated policy of the Bank regarding employee requirement to be vaccinated against COVID-19, I need some clarity to fully understand the rights and duties of all parties in this matter.

With regards to the Banks withdrawal of my sincerely held religious accommodation, please provide answers to the following,

A. Please explain the specific facts and factors used and/or relied upon to determine that being unvaccinated against COVID-19 would cause undue hardship to the Bank

B. Please include and explain, with respect to the foregoing, whether or not the Bank's analysis considered the fact that the COVID-19 vaccination does not prevent the spread and/or transmission of COVID-19

C. Please explain, at one point it was reported that 3% of employees were unvaccinated, what is the current percentage of unvaccinated? Does your determination consider the fact of that percentage in saying that unvaccinated people are creating undue hardship?

D. If employees of the Bank are required to wear mask and social distance while working at the office, how would my not being "vaccinated" against COVID-19 be considered an undue hardship?

E. With regards to the 12/26/21 and the 1/7/22 dates, is the Bank's position that if I show proof of vaccination after 12/26/21, but before 1/7/22, I would still be terminated?

With regards to the Bank's COVID-19 Policy, please provide answers to the following

1) It has been shown through well publicized studies, that previous infection and recovery from COVID-19 disease brings antibody immunity at least equivalent to, if not superior to "vaccination" immunity, why does the Bank's policy not consider immunity acquired from previous infection of COVID-19 as part of their policy?

2) Why would the Bank's failure to include these options (since apparently vaccination isn't enough) be considered discriminatory, arbitrary, and coercive toward an experimental medical procedure such as the COVID-19 "vaccine"?

3) Since it is known that according to Vaccine Adverse Event Reporting System (VAERS) there have been 100's of thousands of adverse effects and reactions reported after injection of COVID-19 vaccination, is the Bank prepared to indemnify me and/or my family for the cost of any adverse reaction and/or injury including death, attributable to said "vaccination"?

4) Can you provide the information (specific webpages, links, names of studies etc.) which support or prove the conclusion contained in the Banks policy, that one who has no identifiable symptoms can still have COVID-19 disease and spread the same to others?

**Federal Reserve Bank of New York**

5) Whether or not did the Bank considered and rejected the option for an employee to be tested for COVID-19 virus and/or antibodies for the same and rejected such option? If the answer is yes, please give an explanation as to why.

6) Please state why I do not or cannot have the option of working remotely as a solution to any health concerns, unless or until any health emergency ends.

The information requested is essential for me to understand fully the reasoning and the policy of the Bank, and the right and duties of all parties in this matter.

Please provide the information requested specifically on a point-by-point basis clearly indicating if there is no information response to any item.

If it is the Banks position with respect to any of the items requested that the Bank is not required to provide and/or I do not have the right to receive any of the information requested, please state with particularity the legal basis for such position.

Thanks in advance for your attention to this matter.

Sincerely,

Jeanette Diaz

2

**Federal Reserve Bank of New York**

*Ex. F-2*

Karen:

Thank you for your response to my request for specific information and documentation in the above referenced matter.

I have done the necessary research, and this is my formal reply.

The information and CDC website links provided by the Bank failed to satisfy my request and therefore, failed to show that there exists any objective or scientific evidence to support the Bank's policy, conclusions, and/or potential actions showing that my being, "unvaccinated" against COVID-19 virus causes or is likely to cause "undue hardship" to the Bank.

Specifically, the Banks response failed to address the following issues and items requested by me in this matter.

A. The specific facts and factors used and/or relied upon by the Bank to determine or conclude any "undue hardship".
B. Whether or not any said "vaccine" prevents the spread of COVID-19 virus.
C. Whether or not the policy of masking and social distancing within the office is sufficient to protect all workers within the building.
D. Whether or not periodic testing for COVID-19 infection is sufficient to ensure workers, whether vaccinated or not, are not exposed to COVID-19 virus.
E. Whether or not the Bank was prepared to indemnify me from any damages caused by taking said "vaccine".
F. Whether or not there exists proof of A-symptomatic transmission of said virus from a person to another (and, if yes, under what circumstances).
G. Whether or not a non-vaccinated person is a potential health threat to a vaccinated person.

Additionally, the Banks response did not state what specific job functions or duties were excused during my time working from home; and also, why I could not sufficiently continue to perform my work duties from home as a reasonable accommodation until any health emergency ends.

The Banks failure by not answering the above issues creates a condition of Fault with respect to the Banks duty under law. Fault being defined as: "Negligence; an error or defect of judgement or conduct; any deviation from prudence, duty or rectitude; any shortcoming, or neglect of care or performance resulting from inattention, incapacity, or perversity; a wrong tendency, course or act; bad faith or mismanagement; neglect of duty". (Black's Law Dictionary 4th Edition, Pg. 738)

The condition of Fault is also evidence of bad faith on your part. "Bad Faith" being defined as: "The opposite of "good faith", generally implying or involving actual or constructive fraud; a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to ones rights or duties". (Black's Law Dictionary 4th Edition, Pg. 176)

If you wish to cure the condition of Fault you must:

A. Answer by addressing substantially and materially the issues outlined herein or,
B. Respond, showing cause under applicable law (s), why you are not required to answer my request and/or why I do not have the right to ask for or receive such information.

3

Federal Reserve Bank of New York

The condition of Fault, being not cure within (10) ten days of your receipt, creates by operation of law, the conditions of Default and Estoppel, as a result of your silence.

Thank you again for your due diligence in this matter.

Sincerely,

Jeanette Diaz

Federal Reserve Bank of New York          *Exhibit F-3*

RE: Failing by not curing the condition of Fault by not answering The Notice of Fault

Karen:

Your failing by not curing the condition of Fault, existing with respect to my request for information concerning your COVID-19 policy is prima facie evidence of the condition of Default. I hereby give you Notice of the Default. Default being defined as: "The non-performance of a duty, whether arising under contract or otherwise. In its largest and most general sense, it seems to mean failing". (Bouvier's Law Dictionary Rawle's Third Revision Pg. 814)

This is a Final Notice advising you of the fact of your being estopped by your acquiescence and Constructive Fraud from taking any further adverse action against me in this matter. If you take any further adverse actions against me in this matter it will be deemed, by operation of law, as arbitrary and capricious and I will have no other alternative but to seek a redress to enforce the rights and duties of all parties in a court of competent jurisdiction.

Thank you again for your due diligence in this matter.

Sincerely,

Jeanette Diaz

**Diaz, Jeanette**                                                  *Exhibit G*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Friday, December 10, 2021 4:44 PM |
| **To:** | Diaz, Jeanette |
| **Cc:** | Dyson, Pamela |
| **Subject:** | RE: Important Information-Reassessment of Temporary Accommodation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| **Categories:** | Blue Category |

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY

Jeanette,
You requested an accommodation from the Bank's COVID-19 Vaccine Policy based upon a stated religious belief or practice. As we informed you previously, the Bank determined that it cannot reasonably accommodate you onsite if you are unvaccinated due to some of the essential functions of your position.  This was an individualized analysis that took into account your expected job responsibilities in January 2022 when the Bank begins its flexible onsite work model, as well as the reasonableness and hardships associated with various potential accommodations.  Certain of the essential functions of your job were excused during the pandemic.  However, these functions are expected to resume when the Bank begins its flexible work model, and will require you to be onsite periodically.  In other words, working remotely, as you propose below, is not a potential accommodation because some of your job duties require you to physically be at the Bank's premises.  The Bank also cannot reasonably accommodate you onsite, because doing so poses increased safety risks to the Bank, and its employees, as well as to its external visitors, with whom your job requires you to have face-to-face interactions.  This information should address all of your questions regarding why the Bank cannot accommodate you.

In addition to seeking information about the Bank's decision on your religious accommodation request, you have also asked a number of questions related to the COVID-19 vaccines themselves.  For your convenience, we refer you to the CDC's website, which contains helpful information concerning transmissibility and infection-induced immunity versus vaccine-induced immunity (https://www.cdc.gov/vaccines/covid-19/hcp/answering-questions.html?s_cid=11714:covid%20immunity%20after%20infection:sem.ga:p:RG:GM:gen:PTN:FY22#infection-vs-vaccine-immunity), side effects (https://www.cdc.gov/vaccines/covid-19/hcp/answering-questions.html?s_cid=11714:covid%20immunity%20after%20infection:sem.ga:p:RG:GM:gen:PTN:FY22#side-effects), and why vaccinations are recommended despite breakthrough infections (https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html).  We also note that the Pfizer-BioNTech vaccine has been fully approved by the FDA, and two other vaccines have been authorized on an emergency basis.  To the extent you have additional questions of a medical or personal nature regarding the vaccines that are unrelated to your religious accommodation request, we encourage you to consult your healthcare provider.

Again, this decision was not made lightly and is not a reflection of your performance or your service to the Bank.  You asked below whether you may continue to work for the Bank if you are vaccinated between December 26 and January 7, 2022.  If you intend to start the vaccination process, please let me know.   If you decide to not become vaccinated, on or after January 7, 2022, you will receive additional information on your departure from the Bank separately, which will

include information on your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

Regards, Karen

**Karen Lynch** | People Relations Leader

**FEDERAL RESERVE BANK of NEW YORK**
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**From:** Diaz, Jeanette <jeanette.diaz@ny.frb.org>
**Sent:** Thursday, December 9, 2021 5:43 PM
**To:** Lynch, Karen P <karen.lynch@ny.frb.org>
**Cc:** Dyson, Pamela <Pamela.Dyson@ny.frb.org>
**Subject:** RE: Important Information-Reassessment of Temporary Accommodation

INTERNAL FR/OFFICIAL USE // FRSONLY


**INTERNAL FR/OFFICIAL USE // FRSONLY**

Karen:

This is my formal response and reply to your email of 11/29/21.  Based on the information contained in your email and the stated policy of the Bank regarding employee requirement to be vaccinated against COVID-19, I need some clarity to fully understand the rights and duties of all parties in this matter.

With regards to the Banks withdrawal of my sincerely held religious accommodation, please provide answers to the following,

    A.   Please explain the specific facts and factors used and/or relied upon to determine that being unvaccinated against COVID-19 would cause undue hardship to the Bank

    B.   Please include and explain, with respect to the foregoing, whether or not the Bank's analysis considered the fact that the COVID-19 vaccination does not prevent the spread and/or transmission of COVID-19

    C.   Please explain, at one point it was reported that 3% of employees were unvaccinated, what is the current percentage of unvaccinated? Does your determination consider the fact of that percentage in saying that unvaccinated people are creating undue hardship?

    D.   If employees of the Bank are required to wear mask and social distance while working at the office, how would my not being "vaccinated" against COVID-19 be considered an undue hardship?

    E.   With regards to the 12/26/21 and the 1/7/22 dates, is the Bank's position that if I show proof of vaccination after 12/26/21, but before 1/7/22, I would still be terminated?

With regards to the Bank's COVID-19 Policy, please provide answers to the following

**Diaz, Jeanette**                                          *Exhibit H*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Thursday, December 23, 2021 7:14 AM |
| **To:** | Diaz, Jeanette |
| **Cc:** | Dyson, Pamela |
| **Subject:** | RE: Important Information-Reassessment of Temporary Accommodation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

| | |
|---|---|
| **Categories:** | Blue Category |

INTERNAL FR/OFFICIAL USE // FRSONLY


**INTERNAL FR/OFFICIAL USE // FRSONLY**

Jeanette,

We strongly disagree with your suggestion that the Bank has acted in bad faith in this process.  To the contrary, the Bank has engaged in an interactive process with you, in good faith, to determine whether the Bank can reasonably accommodate your stated religious beliefs, given your specific circumstances, without imposing an undue hardship on the Bank.  After thorough consideration, it was determined that unfortunately no such accommodation exists.  Working remotely is not possible for you when the Bank begins its flexible onsite work model in January because your essential job responsibilities include, among other things, maintaining physical office space and escorting visitors at the Bank, both of which require your presence at the Bank's premises.  The Bank also determined that testing, masking, and other protocols do not sufficiently reduce the safety risks to Bank employees and its external visitors given the close proximity and frequency of your interactions with them.  We hope that this answers your questions about the accommodation process.

As to your questions related to the vaccines' effectiveness and side effects, as well as about COVID-19's transmissibility, we encourage you to engage directly with your healthcare provider.

Best,
Karen


Karen Lynch | People Relations Leader

**FEDERAL RESERVE BANK** *of* **NEW YORK**
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*


**From:** Diaz, Jeanette <jeanette.diaz@ny.frb.org>
**Sent:** Tuesday, December 21, 2021 12:46 PM

1

**Diaz, Jeanette**

*Exhibit I*

| | |
|---|---|
| **From:** | NY Executive Committee <ny.executive.committee@ny.frb.org> |
| **Sent:** | Thursday, December 30, 2021 4:36 PM |
| **Subject:** | Important Update: Delaying the Launch of our Flexible Working Model |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY

INTERNAL FR/OFFICIAL USE // FRSONLY



**A MESSAGE FROM THE EXECUTIVE COMMITTEE**

Colleagues,

Over the past few weeks, we have been looking forward to bringing everyone back together beginning Monday, January 10, with the transition to our flexible working model. However, owing to the rapidly evolving conditions, testing challenges, and our commitment to providing a safe workplace, **we have made the decision to temporarily delay the launch of our flexible working model.** While we can't offer an exact return date at this point, we will provide an update later in January.

The Bank remains open, but due to our ongoing focus on the health and safety of our onsite essential staff, other staff who can carry out their duties remotely should refrain from coming in unless they have a compelling business reason to work onsite.

Regardless of whether or not you will be in the Bank, if you have been exposed to someone who has tested positive for COVID-19, or have tested positive yourself, be sure to report your results to Health and Wellness. Please visit The Future of Work homepage on the intranet for up-to-date information on our policies and guidelines related to COVID-19 and our flexible working model.

We remain committed to our new working model and look forward to seeing everyone back at the office as soon as we are safely and confidently able to do so.

Best wishes to you and your families for a happy and healthy New Year.

Executive Committee

**Diaz, Jeanette**

*Exhibit J*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Wednesday, January 5, 2022 3:30 PM |
| **To:** | Diaz, Jeanette |
| **Cc:** | Dyson, Pamela |
| **Subject:** | Important Information Regarding Your Temporary Accommodation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Jeanette,
In response to your email of December 24, 2021, at this time, the Bank has already responded to your inquiries concerning why the Bank can no longer accommodate you when all Bank employees return onsite.  If you have any other questions specifically concerning your request for a religious accommodation, please feel free to contact us.   The remaining questions you have posed concern the efficacy of the vaccine and the transmissibility of COVID-19 generally.  As we stated previously, we encourage you to speak with a healthcare professional and/or consult the CDC website to address those topics.

Additionally, as you know, on December 30, 2021 the Bank announced a delay in the Flexible Work Model launch and a new launch date has not been announced at this time.
While the Bank's determination that it cannot accommodate you when Bank employees return onsite has not changed, as a result of this delay, the Bank is temporarily extending your accommodation through the new launch date.  Once a new date has been announced, we will advise you via email of the date your accommodation will end.

Please let me know if you have any questions regarding the above information.  Thank you.  Karen

Karen Lynch | People Relations Leader

**FEDERAL RESERVE BANK** *of* **NEW YORK**
People & Engagement Group

T   201.531.3727
F   201.531.3724

*Personal Pronouns: she/her/hers*

**Diaz, Jeanette**

*Exhibit K*

| | |
|---|---|
| **From:** | NY Executive Committee <ny.executive.committee@ny.frb.org> |
| **Sent:** | Friday, January 21, 2022 11:33 AM |
| **Subject:** | Update on Our Return to the Workplace |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY


INTERNAL FR/OFFICIAL USE // FRSONLY




**A MESSAGE FROM THE EXECUTIVE COMMITTEE**

Colleagues,

Now that new COVID-19 cases across our region are on a steep decline—a trend that health experts expect to continue in the coming weeks—we can start thinking about returning to work onsite. We met this morning and decided to launch our new, flexible work model on Monday, February 28. Nonessential employees who would like to return to the office earlier can do so beginning Monday, February 7.

We are excited to start this new chapter at the Bank. We believe that with everyone coming to the office a couple days a week, we can strike a balance between giving you the flexibility you need at home while retaining the important benefits of collaborating in person for work.

As a reminder, employees are required to receive COVID-19 booster shots within 30 days of becoming eligible. You can register to receive your third shot at one of our booster clinics.

In addition, we also now require employees to wear a highly protective mask—such as a N95, KN95, KF94 or, at minimum, a surgical mask—while in public areas of the Bank. KN95 masks will be available at entrances to Bank facilities.

Please visit The Future of Work homepage for up-to-date information on our policies and guidelines related to COVID-19 and our flexible work model.

We are looking forward to seeing all of you in person.

Executive Committee

**Diaz, Jeanette**

*Exhibit L*

| | |
|---|---|
| **From:** | Lynch, Karen P |
| **Sent:** | Thursday, February 3, 2022 3:13 PM |
| **To:** | Diaz, Jeanette |
| **Cc:** | Dyson, Pamela |
| **Subject:** | Important Information Regarding Your Temporary Accommoation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

INTERNAL FR/OFFICIAL USE // FRSONLY

**INTERNAL FR/OFFICIAL USE // FRSONLY**

Jeanette,
You were previously notified via email on November 29, 2021 that your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy would end as of January 7, 2022 in light of the January 10, 2022 launch of the Flexible Work Model. This decision was made following an evaluation of health, safety and population conditions related to the pandemic that impact the mission of the Bank. Those conditions included the increasing number of employees returning to the Bank, the return of external visitors, and your essential job functions (including the frequency of your interaction with external visitors and others at the Bank and your proximity to others while conducting your job responsibilities). Permitting you to return to work onsite would pose an undue hardship on the Bank, as it would increase the safety risks to the Bank and its other employees and negatively impact productivity.

On December 30, 2021, the Bank announced a delay in the January 10, 2022 launch of the Flexible Work Model. As a result of this delay, the Bank informed you that it temporarily extended your accommodation through the new launch date. On January 21, 2022 the Bank announced that the Flexible Work Model will launch on February 28, 2022. Therefore, as of February 25, 2022, your accommodation exempting you from the Bank's mandatory COVID-19 Vaccination Policy will end.

On or after February 25, 2022, you will receive additional information on your departure from the Bank, which will include information regarding your benefits, payment of earned and unused personal time off (PTO) and instructions on returning Bank equipment.

If you have questions, please contact the People Relations team.

Regards,

Karen

**Karen Lynch** | People Relations Leader

FEDERAL RESERVE BANK *of* NEW YORK
People & Engagement Group

T   201.531.3727
F   201.531.3724

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------x

_Lori Gardner-Alfred, et al,_
**[fill in name(s)]**                    Plaintiff(s)/Petitioner(s)

- against -

_Federal Reserve Bank of N.Y.,_
**[fill in name(s)]**          Defendant(s)/Respondent(s)

-----------------------------------------------------x

**Index Number**

_100741/2022_

UNIFORM RULE SECTION 202.7
AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK/ )
COUNTY OF _New York_ )   ss:

_Jeanette Diaz_____, **[your name]**, being duly sworn, deposes and says:
I am the self represented **[circle one]** plaintiff / defendant in this matter. I make this supplemental
affidavit in support of my Order to Show Cause for a Temporary Restraining Order (TRO).

**[Check box that applies]**

☑ I have made a good faith effort to notify the party against whom the TRO is sought of the date, time and
place that this request will be made in a manner sufficient to permit the party an opportunity to appear in
response to the application as follows:
On **[date]** _February 22_ 200_22_ at **[time]** _10:45_ AM / PM, I contacted by telephone,
the **[circle one]** plaintiff / plaintiff's attorney / defendant / defendant's attorney / other named below.
_Spoke to Phyllis Cecero Executive_
_Assistant to General Counsel of_
_Both Defendant._

_____
**[name, address, telephone number]**

I informed the above named party that on **[date and time]** _____, 200__, at ____ AM / PM,
I will submit the Order to Show Cause to the **[name of Judge]** Hon. _____,
located at **[circle one]** 60 - 80 - 100 - 111 Centre St. / 71 Thomas St., Part _____ **[number]**,
Room _____ **[number]**, **[telephone number]** (646) 386 - _____.
       When informed by the court of the date, time and place the Judge is available to hear argument on
the TRO, I will immediately notify the above named party by telephone.

☐ I have not contacted the party against whom the TRO is sought of the date, time and place this request will
be made. I believe that by giving notice there will be significant prejudice to me for the following reason(s):
**[state reasons]** _____

_____

_____

Sworn to before me this      _2023_
_23_ day of _FEB_, 200_

_____
Notary Public

XIUSHAN LAI
Notary Public, State of New York
No. 01L-5272372
Qualified in Queens County
Certificate Filed in New York County
Commission Expires November 19, 20_24_

**[sign your name in front of a notary]**
_Jeanette Diaz_
**[print your name]**

_____
**[your address and telephone number]**

2-07

INDEX NUMBER _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of
LORI GARDNER-ALFRED, and JEANETTE DIAZ

- against -

Petitioner,

FEDERAL RESERVE BANK OF NEW YORK

Respondent,

_____

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers and the contentions therein are not frivolous as defined in subsection (c) of section 130 1.1 of the Rules of the Chief Administrator (22NYCRR).

Sign Name: _____

Print Name:  JEANETTE DIAZ

Address:  23 EAST 43RD STREET
BAYONNE, NEW JERSEY 07002

Telephone:  (347) 930-9090

Service of a copy of the within is hereby admitted

Dated: _____ , 20 ___

Attorney for _____

---

*******************NOTICE OF ENTRY*******************
Sir/Madam:
Please take notice that the within is a (certified) true copy of a
_____ duly entered in the office of the clerk of
the within named court on the ____ day of _____ , 20 ___

Dated:
Attorney for:                                  Yours, etc.

_____
_____                                  Office and Post
_____                                  Office Address

To:
Attorney(s) for _____

*******************NOTICE OF SETTLEMENT*******************
Sir/Madam:
Please take notice that an _____
of which the within is a true copy will be presented for settlement
to the Hon. _____ , one of the Justices
of the within court, at _____ , on
_____ , 20 ___ at _____ AM/PM.

Dated: _____ , 20 ___          Yours, etc.

Presenting Party _____
_____

To:
Attorney(s) for _____

INDEX NUMBER _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of
LORI GARDNER-ALFRED, and JEANETTE DIAZ

Petitioner,

- against -

FEDERAL RESERVE BANK OF NEW YORK

Respondent,

_____

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers and the contentions therein are not frivolous as defined in subsection (c) of section 130 1.1 of the Rules of the Chief Administrator (22NYCRR).

Sign Name: _____

Print Name: LORI GARDNER-ALFRED

Address: 1456 MILFORD PLACE, BRONX, NEW YORK 10460

Telephone: (646) 270-4088

Service of a copy of the within is hereby admitted

Dated: _____, 20____

Attorney for _____

---

****************NOTICE OF ENTRY*********************
Sir/Madam:
Please take notice that the within is a (certified) true copy of a _____ duly entered in the office of the clerk of the within named court on the ____ day of _____, 20___

Dated: _____
Yours, etc.
Attorney for: _____

_____ Office and Post

_____ Office Address

To:
Attorney(s) for _____

****************NOTICE OF SETTLEMENT******************
Sir/Madam:
Please take notice that an _____ of which the within is a true copy will be presented for settlement to the Hon. _____, one of the Justices of the within court, at _____, 20___ at _____, on _____ AM/PM.

Dated: _____, 20___
Yours, etc.

Presenting Party _____

To:
Attorney(s) for _____