UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
LORI GARDNER-ALFRED et al.,                                      :
:
Plaintiffs,               :
:                        22-cv-01585 (LJL)
-v-                         :
:                        MEMORANDUM AND
FEDERAL RESERVE BANK OF NEW YORK,                                :                ORDER
:
Defendant.               :
:
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/27/2022

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs Lori Gardner-Alfred and Jeanette Diaz ("Plaintiffs") move to compel Defendant the Federal Reserve Bank of New York ("Defendant" or "FRB") to produce the following two categories of documents: (1) "Copies of all documents previously produced in [the action] by any party"; and (2) "Documents and communications sufficient to ascertain all documents that were searched or reviewed, or proposed to be searched or reviewed, by any party in connection with any documents response to Document Request No. 1." Dkt. No. 71. Defendant opposes the motion principally on the grounds that compliance with the document requests would cause Defendant to violate the retaining lien held by Plaintiffs' prior counsel in connection with its representation of Plaintiffs. Dkt. No. 71 at ECF pp. 17–18; Dkt. No. 72 (letter from Defendant relying on its objections to the document request).

      Plaintiffs are former employees of Defendant who were terminated from their employment for failing to comply with a requirement that all FRB employees be vaccinated against the COVID-19 virus. Dkt. No. 24 ¶ 1. They claim that Defendant's actions violated their rights under the First Amendment and the Religious Freedom Restoration Act ("RFRA") and constituted discrimination on the grounds of religion in violation of Title VII of the Civil

1

Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. *See generally* Dkt No. 24. The case has been pending in this Court since February 2022. Dkt. No. 1.

Plaintiffs, who originally proceeded *pro se*, were represented by Andrew M. St. Laurent of Harris St. Laurent & Wechsler LLP, during most of this litigation. Dkt. No. 13 (notice of appearance). On October 25, 2022, Mr. St. Laurent filed a motion to withdraw as counsel on grounds that he had an irreconcilable conflict with his clients, Dkt. Nos. 49–52, and on November 3, 2022, the Court orally granted that motion, Dkt. No. 60. Mr. St. Laurent ("Prior Counsel") has asserted charging and retaining liens to protect his right to compensation for the work that he performed on the case but for which he was not compensated. Dkt. No. 65 at 2. The present motion is made by Plaintiffs' new counsel.

The motion originated from a letter filed by Plaintiffs requesting "guidance as to whether Defendant . . . may properly provide key discovery documents to Plaintiffs to allow the Parties to complete discovery in this matter." Dkt. No. 65. Plaintiffs represented that they had asked Defendant to provide them with copies of outstanding document requests and responses and the documents produced by both sides throughout the litigation, but that Defendant declined for fear that production of such material in its possession would violate Prior Counsel's retaining lien. *Id.* at 2. Defendant responded to Plaintiffs' letter, reiterating its position that its production of such documents would undermine Prior Counsel's retaining lien and that Plaintiffs should seek the documents from Prior Counsel. Dkt. No. 66. At a conference on December 16, 2022, the Court expressed the view that it was not prepared to honor Plaintiffs' request for an advisory opinion or "guidance" as whether Defendant would be permitted voluntarily to turn over to Plaintiffs the documents and correspondence exchanged in discovery, but that it would be

prepared to address Plaintiffs' request for documents and Defendant's failure to provide the documents in the form of a motion to compel by Plaintiffs if Plaintiffs served a document request on Defendant and Defendant refused to produce said documents. The Court deferred addressing the issue pending Plaintiffs' service of a document request. On December 21, 2022, Plaintiffs moved by letter motion to compel Defendant's production of the requested documents, attaching to their motion the document requests and Defendant's objections. Dkt. No. 71. Defendant responded the next day, stating that it stood on the objections and responses asserted in its response to the request for production of documents. Dkt. No. 72. The Court now grants the motion to compel in part and denies the motion in part.

New York law affords an attorney who is discharged or permitted to withdraw without cause "three [cumulative] remedies to recover the value of his or her legal services: the retaining lien, the charging lien, and the plenary action in quantum meruit." *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 754 N.Y.S.2d 220, 223 (1st Dep't 2002). The charging lien arises from statute, Judiciary Law § 475, begins from the moment of counsel's appearance, and gives the appearing counsel "a lien upon his client's cause of action, claim or counterclaim, . . . and the proceeds thereof in whatever hands they may come." N.Y. Judiciary Law § 475. "[T]he charging lien is a specific attachment to the funds which constitute the client's recovery," *Schneider, Kleinick, Weitz, Damashek & Shoot*, 754 N.Y.S.2d at 224, and it "follows the proceeds into the hands of the client after payment to him," *Fischer-Hansen v. Brooklyn Heights R. Co.*, 66 N.E. 395, 397 (N.Y. 1903).

The retaining lien, which arises from common law, is fundamentally different. As security for payment, it "gives an attorney the right to keep, with certain exceptions, all of the papers, documents and other personal property of the client which have come into the lawyer's

possession in his or her professional capacity as long as those items are related to the subject representation." *Schneider, Kleinick, Weitz, Damashek & Shoot*, 754 N.Y.S.2d at 223. Normally, and in the absence of evidence of misconduct on the part of former counsel, the court may only "require a lawyer claiming a lien to turn over papers subject to the lien" if the client pays "his outstanding charges or post[s] adequate security for payment." *See Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983). That general rule, however, is subject to exception if "special circumstances" exist. *See Misek-Falkoff v. International Bus. Machs. Corp.*, 829 F. Supp. 660, 663 (S.D.N.Y. 1993). "An exception to the attorney's right to a retaining lien may be found, in the court's discretion, where the client has made a clear showing of: (1) a need for the documents, (2) prejudice that would result from the denial of access to the papers, and (3) inability to pay the legal fees or post a reasonable bond." *Love & Madness, Inc. v. Claire's Holdings, LLC*, 2021 WL 4554058, at *3 (S.D.N.Y. Oct. 4, 2021) (quoting *Shoe Show, Inc. v. Launzel*, 1993 WL 150322, at *1 (E.D.N.Y. May 3, 1993)).

The retaining lien—unlike the charging lien—"is founded upon physical possession, and an attorney may forfeit its retaining lien by voluntarily giving away any of the items to which it may have attached." *Schneider, Kleinick, Weitz, Damashek & Shoot*, 754 N.Y.S.2d at 223 (citing *Attorney's Retaining Lien: What Items of Client's Property or Funds Are Not Subject to Lien*, 70 ALR 4th 827; *Nat. Bank & Tr. Co. of Ellenville v. Hyman Novick Realty Corp.*, 421 N.Y.S.2d 733, 734 (3d Dep't 1979)); *see also Hampshire Grp. Ltd. v. Scott James Co.*, 2015 WL 5306232, at *9 (S.D.N.Y. July 27, 2015); *Robinson v. Rogers,* 143 N.E. 647, 648 (N.Y. 1924) ("The general or retaining lien is dependent upon possession."); *Steves v. Serlin*, 509 N.Y.S.2d 666, 667 (3d Dep't 1986) ("A retaining lien . . . is dependent only upon the attorney's continued possession of the papers."). As the Annotation cited with favor in *Schneider, Kleinick, Weitz,*

4

*Damashek & Shoot* states, not only is enforcement of the attorney's retaining lien "passive, and cannot ordinarily be actively enforced," but "an attorney's retaining lien will usually be lost by the acts of the attorney in voluntarily parting with the possession of the items to which it may have attached." 70 ALR 4th 827.

Finally, counsel who has not been paid the reasonable value of her services may bring "a plenary action in quantum meruit for the reasonable value of the services rendered." *Schneider, Kleinick, Weitz, Damashek & Shoot*, 754 N.Y.S.2d at 224.

The Court first addresses Plaintiffs' first document request ("Request 1"): "Copies of all documents previously produced in [the action] by any party." Dkt. No. 71. In support of its position that it may not produce discovery documents in response to Plaintiffs' document request, Defendant relies on *Pomerantz*, 704 F.2d 681 in which the Second Circuit held that it would be an abuse of discretion for a court to require a former counsel in litigation pending before the court to turn over papers subject to a retaining lien without requiring the "client's payment of his outstanding charges or posting of adequate security for payment," *id.* at 683. This motion, however, involves a different issue than that addressed in *Pomerantz*. Plaintiffs do not seek an order against Prior Counsel requiring Prior Counsel to turn over his entire case file no matter the nature of the documents and materials contained therein. The motion is instead directed to Defendant and it seeks only (i) those documents that Prior Counsel voluntarily produced to Defendant in connection with Defendant's document request, (ii) those documents that Defendant produced to Prior Counsel, and (iii) those documents that are in the possession of Defendant but were produced both to Defendant and to Prior Counsel by third parties. Plaintiffs do not seek copies of documents collected by Prior Counsel from them (or others) and not produced to Defendant. Plaintiffs also do not seek documents reflecting Prior Counsel's work

and his judgment as to what materials are important for the litigation. Nor do Plaintiffs seek, or could they obtain from this motion, any attorney work product.

The order that Plaintiffs seek in Request 1 thus would largely not touch those materials and documents that are at the heart of what retaining lien protects—*i.e.*, those materials "which [Prior Counsel] has expended his own labor or money and he should have a lien in the same way as any other workman who is entitled to retain the things upon which he has worked until he is paid for his work." *The Flush*, 277 F. 25, 29–30 (2d Cir. 1921) (internal citations and quotations omitted). Moreover, if, as set forth above, the lien does not travel with the documents but is lost when the documents are shared with others, it follows that there is no obstacle to Defendant reproducing to Plaintiffs the documents Defendant obtained in the course of discovery as well as those Defendant produced in the course of discovery. There is also authority that prior counsel may be required to turn over to current counsel "all discovery materials" without having to satisfy outstanding charges or to show special circumstances. *See Melnick v. Press*, 2009 WL 2824586, at *11 (E.D.N.Y. Aug. 28, 2009) (Bianco, J.) (stating that court required prior counsel to turn over all discovery materials to new counsel).

Defendant further objects that Request 1 is overly broad, unduly burdensome, inefficient, and disproportionate to the needs of the case because the documents are already in the possession of Prior Counsel and the request will impose on Defendant the cost of producing the case files. Dkt. No. 71 at ECF p. 20. There clearly is force to the proposition that Plaintiffs should not be entitled to obtain for free from Defendant the materials for which it would have to pay Prior Counsel the costs of duplication and the reasonable attorneys' fees necessary to locate the discovery materials and to stamp and to copy them. That objection is easily addressed. The Court has authority under Federal Rule of Civil Procedure 26 to order the requesting party to pay

the opposing party's costs of production and of reasonable attorneys' fees. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283 (S.D.N.Y. 2003). Defendant will be entitled to those costs as a condition of Plaintiffs obtaining the requested documents.

A different court in this District came to a somewhat different conclusion in *Rivkin v. A.J. Hollander*, 1996 WL 633217 (S.D.N.Y. Nov. 1, 1996). The court in that case addressed the question whether counsel for plaintiff could be required to provide copies of court filings and discovery materials to new counsel for the opposing party where the opposing party's prior counsel had a retaining lien for unpaid attorneys' fees. *Id.* at *1. The court started by noting that New York cases hold that a defendant, who with knowledge of the charging lien of plaintiff's prior counsel causes the proceeds due to that counsel to be paid to a third party (including to the plaintiff), will be liable to prior counsel for the amount of the charging lien. *Id.* at *3. It then reasoned that the principles behind those cases "should apply to defense counsel's retaining lien." *Id.* at *4. The court concluded: "To require plaintiff's counsel to provide such papers to new defense counsel effectively would eliminate the retaining lien's protection for withdrawing defense counsel. While the Court always is anxious to move its docket expeditiously, it will not do so at the expense of prior defense counsel's retaining lien." *Id.*

As Plaintiffs argue, *Rivkin* is distinguishable. The court rested its conclusion there on the fact that defense counsel had only a retaining lien, and not a charging lien; that fact created "even more need for the protection that a retaining lien provides for defense counsel." *Id.* at *4. In this case, by contrast, Prior Counsel has a charging lien. If, as a result of Defendant providing the requested documents, Plaintiffs are able to recover a monetary judgement in the present action, Prior Counsel will be protected. *See Villar v. City of New York*, 546 F. Supp. 3d 280, 295 (S.D.N.Y. 2021) (holding that a retaining fee was "unnecessary because the charging lien will

fully vindicate the Firm's interests" in a contingency fee case where the prior counsel could receive its fee directly from the defendant and opining that "a retaining lien adds nothing"). Prior Counsel will be entitled to a portion of that recovery up to the amount of his reasonable attorneys' services. The primary effect of denying Plaintiffs' request will be to frustrate and delay the ability of Plaintiffs, and therefore the ability of Prior Counsel, to prosecute the case and thereby to be able to recover anything at all.

More significant, and respectfully, the Court questions the reasoning of *Rivkin*. The case was decided in 1996 and neither Defendant nor the Court independently has been able to locate any case that follows its holding. The decision rests on a presumed equivalency between a charging lien and a retaining lien but, as set forth above, those two instruments restrain different assets and have different qualities. The charging lien is attached to a specific asset and runs with it. *See Schneider, Kleinick, Weitz, Damashek & Shoot*, 754 N.Y.S.2d at 225 ("[A] charging lien, a property interest in the value of the legal services provided by an attorney to his or her client, follows its subject and cannot be shaken off by a change in form or substance." (cleaned up)). Moreover, the party who holds the asset—whether it be the defendant who is obligated to pay pursuant to a judgment or settlement or any other third party with notice—holds the asset in trust for the Court who in turn "will see that no injustice is done to its officers." *Id.* at 223 (citation omitted). The person holding the asset does not hold it for his own benefit, free to dispose of it as he or she chooses, but for the ultimate benefit of the prior counsel. When such a person transfers it other than to the lienholder, she commits an independent wrong. She has violated the trust based upon which she holds the asset. The retaining lien, by contrast, is fundamentally different. It protects the documents and the file *in the possession* of prior counsel as a form of security. "[T]he right to retain the papers is valuable to the attorney in proportion of denial of

access to them causes inconvenience to the client." *In Re San Juan Gold, Inc.*, 96 F.2d 60, 60 (2d Cir. 1938). The lien does not run with the papers. It is forfeited when those papers are given to a third party. Once counsel voluntarily relieves herself of the papers, the recipient is free to do with them as he or she chooses. The documents are not held in trust. As Defendant admitted in this case, it is free to publish the discovery documents in court or, subject to the terms of the protective order (which gives rights to Plaintiffs and not to Prior Counsel), to give the documents to anyone else whom Defendant wants to—whether it be counsel for a witness or to the press. It follows, therefore, that there is no violation of the lien if Defendant provides them to Plaintiffs. Put otherwise, the Court would have no doubt that if it were Defendant who had new counsel and Plaintiffs who were in possession of the discovery documents, Plaintiffs would have the right to share such documents with new counsel for Defendants. That might be the only way for Plaintiffs to prosecute the case. Defendant might have no interest in paying to obtain discovery that would only permit the case against it to go forward. The lien would not stand in the way. The result should be no different when it is Plaintiffs who are without the documents and are in need of them.

Contrary to the reasoning of *Rivkin*, this result does not frustrate the proper operation of the retaining lien. In the ordinary, run-of-the-mill, case, denial by prior counsel of access to papers in prior counsel's possession will cause inconvenience to the client and thereby help secure payment for services. It is a rare case where counsel's file will be limited to and consist only of the collection of documents provided and received in discovery, with no curatorial judgment and without any independent work product. If counsel has expended labor or money on the representation, the file will reflect "the things upon which he has worked," *The Flush*, 277 F. at 29–30, and not just what he has transmitted in discovery. And, if, in the unusual case, the

file consists only of documents that have been exchanged in discovery (without any editing or work product), there is no injustice in the reproduction of such documents to new counsel by the opposing party. Prior counsel would not have been entitled to interfere with the third party in possession of the documents and to impose that inconvenience on his former client. *See Theroux v. Theroux*, 536 N.Y.S.2d 151, 153 (2d Dep't 1988) ("It is noteworthy that an attorney with a retaining lien on a file which no one wants is like a garage mechanic with an abandoned junk car in his possession." (cleaned up)).

The Court therefore grants the motion to compel with respect to Request 1. Defendant, as it admitted at argument, would have the right to share the documents in its possession—that it now seeks to withhold—with any third party or to publish all of them in Court. It follows that there is no legal prohibition on Defendant sharing them with Plaintiffs.

The Court reaches a different conclusion with respect to Plaintiffs' second request for "Documents and communications sufficient to ascertain all documents that were searched or reviewed, or proposed to be searched or reviewed, by any party in connection with any documents response to Document Request No. 1." Dkt. No. 71. As drafted, this request does not merely require Defendant to produce documents relevant to Plaintiffs' claims within its "possession, custody, or control" pursuant to Federal Rule of Civil Procedure 34, but instead calls for work product, seeks discovery on discovery, and would require Defendant to help Plaintiffs comply with their discovery obligations. On its face, and among other things, it would require Defendant to turn over to Plaintiffs—on pain of discovery sanctions if the production were incomplete—Defendant's notes as to every suggestion or proposal made by Prior Counsel with respect to the search Prior Counsel would conduct and every response Defendant provided to such proposal, however tentative. It may be that it would be productive for Defendant to share

such information with Plaintiffs—the retaining lien would not stand in the way of the production of information voluntarily transmitted to Defendant by Prior Counsel. But Plaintiffs do not have the right to such information from the mouths of its adversary. In the absence of an agreement with Defendant, if Plaintiffs want the record of every proposal exchanged between counsel in the course of discussions about document discovery, they will either have to satisfy the retaining lien or apply to the Court why they should be discharged from it and Prior Counsel required to provide the information. *See Pomerantz*, 704 F.2d at 683 (The "court" may "require a lawyer claiming a lien to turn over papers subject to the lien *upon the client's payment of his outstanding charges or posting of adequate security for payment.*" (emphasis added)).

## CONCLUSION

Plaintiffs' motion to compel is thus GRANTED IN PART AND DENIED IN PART. The Clerk of Court is respectfully directed to close Dkt. No. 71.

SO ORDERED.

Dated: December 27, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge