```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LORI GARDNER-ALFRED and JEANETTE DIAZ,                           :
                                                                 :
                           Plaintiffs,                           :
                                                                 :         22-cv-1585 (LJL)
            -v-                                                  :
                                                                 :              ORDER
FEDERAL RESERVE BANK OF NEW YORK,                                :
                                                                 :
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2023
```

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Lori Gardner-Alfred and Jeanette Diaz ("Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 37(a), to compel document discovery from Defendant Federal Reserve Bank of New York ("Defendant" or "New York Fed"). Dkt. No. 91. The motion is denied.

First, Plaintiffs request that the Court order Defendant to produce documents without redacting the names of individuals appearing in those documents in response to Plaintiffs' Request Nos. 10 to 12. Dkt. No. 91 at 1. Those requests generally call for information about persons who submitted requests for accommodation from Defendant's COVID-19 vaccination policies. Dkt. No. 93-1 at 13–15. In September 2022, Defendant objected to Plaintiffs' requests to the extent that they sought "confidential, sensitive and personal information of individuals other than Plaintiffs" and on the basis that they invaded the privacy of persons not parties to the action. *Id.* at 3. Defendant stated that it would redact names and other identifying information "to protect the privacy rights of third parties." *Id.* at 13–16. On September 20, 2022, Plaintiffs—through their prior counsel—agreed with Defendant that the Defendant could use pseudonyms such as letters or numbers when producing information regarding former or current

New York Fed employees' private confidential information such as medical information or religious beliefs or practices." Dkt. No. 93-2 at 5.  This agreement is documented in a letter between counsel for Defendant and Plaintiffs' prior counsel dated September 21, 2022.  *Id.* Defendant made its production based on this agreement and informed Plaintiffs' new counsel of the agreed upon redactions approximately four weeks ago.  Dkt. No. 93 at 2.  This motion therefore is denied.

Second, Plaintiffs argue that Defendant should be required to produce documents sufficient to show visitors to the 10th floor of the New York Fed office where Plaintiffs worked. Dkt. No. 91 at 2.  Plaintiffs claim that such documents are necessary to show whether Plaintiffs would have needed to be present in the office to be in contact with individuals visiting the executives for whom the Plaintiffs worked.  *Id.*  Defendant has produced an approximation of the number of visitors to the 10th floor for the almost four-year period requested by Plaintiffs.  Dkt. No. 93 at 3.  Defendant represents that the New York Fed does not track individuals with whom a given employee meets and cannot produce a list of individuals who met with Plaintiffs' managers or who went to the floor on which Plaintiffs' offices were located.  *Id.*  Defendant also represents that the 95,000 calendar files for Plaintiffs' managers during the time period specified do not reliably show whether an individual actually attended a meeting or attended the meeting in person or virtually.  *Id.*  Under Rule 26(b), discovery must be "proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The types of visitors who attended meetings in person on the 10th floor and the frequency with which they attended the meetings can be inquired into at a deposition.  The request is overbroad and disproportionate and is denied on that basis.

Third, Plaintiffs request that the Court order Defendant to produce documents sufficient to show the number of New York Fed employees on the 10th floor who tested positive for COVID-19, as requested in Request No. 19.  Dkt. No. 91 at 2.  Plaintiffs argue that the documents are necessary to determine whether it was truly impractical for Defendant to keep Plaintiffs as employees.  *Id.*  Request No. 19 called for "[d]ocuments sufficient to show the number of New York Fed employees who have tested positive for COVID-19 from February 28, 2022 to the present," and the date the New York Fed learned of the positive test result as well as the vaccination status of the person who tested positive.  Dkt. No. 93-1 at 20.  Defendant produced that information.  Dkt. No. 93 at 3.  The time has passed for new document requests and, in any event, Defendant represents that it does not maintain the information on a by-floor basis in the ordinary course of its business.  *Id.*

Fourth, Plaintiffs demand that Defendant should be required to produce documents sufficient to show Defendant's reasons for approving or denying religious/medical accommodations and Defendant's policies for in-person work, including minutes where these policies were discussed and the names of persons responsible for making these decisions; Plaintiffs claim that these documents are responsive to Request Nos. 9, 11–14, 34, 39, and 41.  Dkt. No. 91 at 2–3.  Defendant has satisfied this request.  Dkt. No. 93 at 3.

Finally, Plaintiffs seek documents reflecting Defendant's pre-pandemic policies between 2015 to 2020 for religious accommodation.  Dkt. No. 91 at 3.  Plaintiffs fail to articulate how pre-pandemic policies could be relevant to their claims even within the broad bounds of relevance under the Federal Rules of Civil Procedure.  In any event, Defendant has responded by stating that it had "no specific written policies for religious accommodations requests prior to March 2020."  Dkt. No. 93 at 3.

Federal Rule of Civil Procedure 37(a)(5)(B) provides that where a motion to compel is denied and was not substantially justified, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposition the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). Plaintiffs is ordered to show cause why Defendant should not be paid its reasonable expenses by two weeks from the date of this Order, or February 28, 2023, unless the parties are able to reach an agreement in the interim that Defendant is not seeking reasonable expenses.

The Clerk of Court is respectfully directed to close Dkt. No. 91.

SO ORDERED.

Dated: February 14, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge