```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LORI GARDNER-ALFRED and JEANETTE DIAZ,                           :
                                                                 :
                            Plaintiffs,                          :
                                                                 :     22-cv-01585 (LJL)
              -v-                                                :
                                                                 :     ORDER
FEDERAL RESERVE BANK OF NEW YORK,                                :
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Rule 37(a)(5)(B) provides that where a motion to compel is denied,

> the court . . . must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Plaintiffs' motion at Dkt. No. 91 moved to compel Defendants to produce five sets of categories of documents. One of the requests was denied because Defendants' production was consistent with an agreement reached with prior counsel for Plaintiffs, another part of the motion sought to compel documents Plaintiffs had not requested through a timely document request, a third asked for documents that had already been produced, and a fourth request was denied because there were no responsive documents (and because even if there were responsive documents, they would have been irrelevant). Dkt. No. 94. Only one of requests complained about the failure to produce documents that were relevant, but that request was plainly overbroad and disproportionate. *Id.* at 2.

The Court gave Plaintiffs notice and ordered Plaintiffs to show cause why they should not have to pay Defendant's reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(B).

1

*Id.* at 4. Plaintiffs do not identify facts to support that their position was substantially justified or claim that other circumstances would make an award unjust: their response is limited to the claim that Plaintiffs honestly believed that Defendant had failed to satisfy its requirements to produce documents. Dkt. No. 98 at 2. Rule 37(a)(5)(B) does not require that the motion be brought in bad faith for expenses to be imposed. *See Kregler v. City of New York*, 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013) (stating that conduct constituting or akin to bad faith is not required for an award of motion expenses under Rule 37(a)(5)(B)); *Pegoraro v. Marrero*, 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) ("Good faith in making a motion for a protective order is not the standard by which courts assess whether to award expenses under Rule 37(a)(5)(B)."). That response is insufficient.

      Plaintiffs also object to the amount of Defendant's incurred expenses of $7,450 based on 15.3 hours of attorney time and three hours of paralegal time. Dkt. No. 98 at 3. Plaintiffs argue that the amount of time spent on the response to the motion was not reasonable including because all of the attorneys who worked on the response had more than ten years of experience even though much of the work could have been done by more junior lawyers. Dkt. No. 106. The Court agrees. The 15.3 hours of attorney time is more than reasonably necessary for the Defendant's three-page response to the motion to compel and likely reflects some duplication in work due to multiple attorneys (some of the same seniority) working on the response. Dkt. No. 104; *see Union Cent. Life Ins. Co. v. Berger*, 2013 WL 6571079, at *5 (S.D.N.Y. Dec. 13, 2013) ("[A]ssigning numerous attorneys to a straightforward matter presents a risk of inefficiency, duplication, and unnecessary billing."). The Court also reduces the number of hours to reflect the fact that more junior attorneys could have performed some of the work on the response that was performed by experienced attorneys. *See id.* at *6 ("Courts frequently reduce fee requests

where work that could have been handled by more junior lawyers was instead performed by a senior partner."). The Court therefore reduces the attorney hours spent on the response by 30%. *See Casmento v. Volmar Constr., Inc.*, 2022 WL 17666390, at *5 (S.D.N.Y. Dec. 14, 2022) ("[C]ourt has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998))).

The hourly fees requested (between $400 to $500) for the attorneys—all of whom have between ten to twenty-four years of experience—are reasonable. *See id.* at *4 (finding rates between $300 to $500 per hours reasonable for experienced attorneys in employment discrimination case). The Court, however, reduces the hourly fee for the paralegal who worked on the response from $200 per hour to $100 per hour. *See id.* ("The hourly rate for the two paralegals of $100 per hour is consistent with rates approved in this District and also is reasonable.").

The Court will therefore award Defendant $5,095 in expenses to be paid within two weeks of the date of this Order by Plaintiffs or their counsel jointly and severally.

SO ORDERED.

Dated: March 8, 2023
      New York, New York

                                                    LEWIS J. LIMAN
                                           United States District Judge