```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LORI GARDNER-ALFRED AND JEANETTE DIAZ,                                 :
                                                                       :
                        Plaintiffs,                                    :
                                                                       :          22-cv-1585 (LJL)
        -v-                                                            :
                                                                       :          MEMORANDUM &
FEDERAL RESERVE BANK OF NEW YORK,                                      :          ORDER
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/12/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move by letter to stay enforcement of the Court's order of July 13, 2023, directing Plaintiffs and their counsel to pay Defendant's reasonable attorneys' fees and expenses as a sanction for their litigation misconduct in this case. Dkt. No. 202. The motion is denied.

On May 17, 2023, the Court granted in part Defendant's motion for sanctions pursuant to Federal Rules of Civil Procedure 16(f), 26(g), 37(b) and 37(c). Dkt. No. 149. The Court's ruling was based on Plaintiffs' repeated disregard of the Court's scheduling orders, *id.* at 18–19, as well as their repeated failures to comply with their discovery obligations, *id.* at 21, and the Court's discovery orders, *id.* at 22, and counsel's disregard of its discovery obligations, *id.* at 32–35. The Court found "Plaintiff Gardner-Alfred has shown a repeated and flagrant disregard for her discovery obligations throughout the case," and provided false testimony to the Court. *Id.* at 24–27. The Court also found that the excuses provided by Plaintiff Diaz for her failure to comply with discovery orders "lacked any credibility whatsoever," and that she had a "history of untruths." *Id.* at 29, 31. The Court concluded that "Plaintiffs have repeatedly disregarded this Court's orders and, even today, continue to disregard them by misrepresenting that certain documents never existed despite significant evidence to the contrary[,]" *id.* at 32, that "Plaintiffs' repeated failures

to comply with Court orders and their discovery obligations have resulted in a waste of Court time and resources as well as Defendant's time and resources[,]" *id.* at 36, and that such conduct justified an award of attorneys' fees and expenses against Plaintiffs and their attorneys, jointly and severally, *id.* at 36–37. The Court ordered a portion of those fees and expenses to be payable solely by Plaintiffs' counsel. *Id.* at 37. On July 13, 2023, the Court entered an order awarding Defendant $53,808 in attorneys' fees and costs jointly and severally against Plaintiffs and Plaintiffs' counsel with $2,400 of those fees to be paid by Plaintiffs' counsel without offset to Plaintiffs. Dkt. No. 173 (the "Order").

Plaintiffs' counsel has paid the $2,400 they solely owe but Defendant has not been paid the remaining $51,408 that it is owed jointly and severally by Plaintiffs and Plaintiffs' counsel. Dkt. No. 199. Plaintiffs do not dispute that they owe Defendant $51,408 but argue that Plaintiffs are in a modest economic situation and that if counsel were forced to pay the award, counsel's law firm would likely have to dissolve. Dkt. No. 202. Plaintiffs assert that the firm "is not in a position to pay nor bond the amount required by the Order." *Id.* at 2. If counsel's firm is dissolved, counsel asserts that it will have to withdraw from representing the Plaintiffs in connection with the pending appeal to the Second Circuit of this Court's order granting Defendant summary judgment. *Id.* at 3. Construing Plaintiffs' letter as a request to be relieved of the obligation of posting a supersedeas bond pending appeal, the Court directed Defendant to respond to Plaintiffs' letter motion. Dkt. No. 203. Defendant opposes the request that Plaintiffs be relieved of the obligation to post a bond. Dkt. No. 204.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." The purpose of the rule is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while

2

protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (citation omitted).[1] The Court has authority to waive the supersedeas bond requirement and accept other security after considering the following non-exclusive factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*In re Nassau Cnty.*, 783 F.3d at 417–18 (quoting *Dillon v. Chicago,* 866 F.2d 902, 904–05 (7th Cir. 1988)); *see Sire Spirits, LLC v. Green*, 2023 WL 1516574, at *1 (S.D.N.Y. Feb. 3, 2023).

"Those factors 'contemplate waiving the requirement of a supersedeas bond because a court is satisfied that the debtor would be able to pay the judgment with ease.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (quoting *Butler v. Ross*, 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017)).  "Significantly, the bond requirement is not designed to protect the judgment debtor's ability to continue in business; rather, it is designed to minimize or eliminate the risk that it will pay the judgment, only to find that it cannot get the money back pending appeal." *Moore v. Navillus Tile, Inc.*, 2017 WL 4326537, at *1 (S.D.N.Y. Sept. 28, 2017).  "[T]he bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2905 (3d ed. 2024).

---

[1] *In re Nassau County* refers to former Federal Rule of Civil Procedure 62(d). *Id.*  In 2018, the Federal Rules were amended so that "[s]ubdivision 62(b) carrie[d] forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments; *see Georgiev v. Adsad, LLC*, 2021 WL 3159853, at *1 n.1 (S.D.N.Y. June 21, 2021) ("Rule 62(b) was formerly Rule 62(d).").

3

Plaintiffs and Plaintiffs' counsel have not demonstrated that they are entitled to relief from the requirement that they file a supersedeas bond. The concession that Plaintiffs and their counsel are unable to pay the full amount of the award "is determinative as to factors two, three, and four[.]" *Moore*, 2017 WL 4326537, at *2; *see Sire Spirits,* 2023 WL 1516574, at *2; *Xerox Corp. v. JCTB Inc.*, 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019). Plaintiffs have not shown that they will be able to quickly pay the award after an appeal, that they have the funds available to pay the award, or that their ability to pay is so plain that "that the cost of the bond would be a waste of money[.]" *Nassau Cnty.*, 783 F.3d at 417. As to the first factor, from Plaintiffs' submissions alone, it is apparent that the procedure for collecting a judgment in the absence of a bond would be "cumbersome and time consuming." *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986)). "[T]he fifth factor 'requires the debtor to show that their inability to pay other creditors would stem from the *bond itself*, not merely from the judgment,' and 'does not envisage waiving the bond requirement because the debtor simply cannot pay.'" *Sire Spirits*, 2023 WL 1516574, at *2 (emphasis in original) (quoting *John Wiley & Sons*, 327 F. Supp. 3d at 650). Plaintiffs have "presented no evidence or argument that posting a bond would make him unable to pay other creditors." *Id.* Thus, this factor too weighs against relief from a bond.

The Second Circuit has recognized that the listed *Nassau County* factors are non-exclusive. *See Nassau Cnty.*, 783 F.3d at 417. "It is in the district court's 'discretion' whether or not to waive the requirement of the bond." *Butler v. Ross*, 2017 WL 6210843, at *4 (S.D.N.Y. Dec. 7, 2017). The parties have identified no other reason why the Court should suspend the bond requirement. Plaintiffs' counsel's protestations that they are impecunious and that they or their clients would be unable to bond a $50,000 award is itself suspect. Counsel never mentioned ability to pay when the Court was considering the amount of the award. Even today, their assertions of inability to

4

pay are conclusory and not supported by evidence.[2]

The conduct of Plaintiffs and their counsel in this case was egregious. It involved repeated violations of Court orders and utter disregard for their discovery violations. If these lawyers cannot continue representation (a claim that is dubious), there is nothing in the Court's order that would prevent Plaintiffs from seeking new counsel. An order relieving the Plaintiffs or their counsel from paying a bond and relaxing any requirement that Defendant be compensated for the needless expense it incurred as a result of Plaintiffs' obstreperous behavior would "impede the deterrence value of the sanction in the case at hand, and serve[] to diminish its deterrent effect in federal litigation generally." *Li Rong Gao v. Perfect Team Corp.*, 2014 WL 2465589, at *5 (E.D.N.Y. May 30, 2014). Because Plaintiffs have not suggested an acceptable alternative means of securing the award, the Court concludes that it cannot and should not grant the motion to stay. *See Xerox Corp.*, 2019 WL 6000997, at *4.

SO ORDERED.

Dated: August 12, 2024
       New York, New York

                                          LEWIS J. LIMAN
                                   United States District Judge

---

[2] In a letter filed on August 9, 2024, Plaintiffs' counsel states that if the Court requires evidence with respect to the financial condition of Plaintiffs' firm or Plaintiffs themselves, counsel will provide the evidence. Dkt. No. 207. It is Plaintiffs' obligation to submit in connection with their motion the evidence that Plaintiffs believe will support that motion. *See* Wright & Miller § 2905. It is not incumbent on the Court to tell Plaintiffs what Plaintiffs should submit. Even so, it is telling that Plaintiffs do not offer to submit evidence regarding their efforts to obtain a bond, including the assets Plaintiffs or their counsel offered to support the bond.