USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORI GARDNER-ALFRED and JEANETTE DIAZ,

Plaintiffs,

-v-

FEDERAL RESERVE BANK OF NEW YORK,

Defendant.

---

22-cv-1585 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Any objections to the attached proposal of Plaintiff's counsel shall be filed with the Court no later than August 14, 2026. Any replies shall be filed by Plaintiff no later than August 19, 2026. The Court takes the proposal under advisement. Plaintiff is directed to serve this Order on the parties identified on page 4 of Dkt. No. 247 by July 31, 2026, and to file a certificate of service on the docket.

SO ORDERED.

Dated: July 31, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

118 North Bedford Road, Suite 100
Mount Kisco, New York 10549

Tel: (914) 864-3353
Email: smw@warshawskylawfirm.com

July 30, 2026

**VIA ELECTRONIC CASE FILING**
Hon. Lewis J. Liman
United States District Court
500 Pearl Street, Rm. 1620
New York, NY 10007

Re: *Jeanette Diaz v. Federal Reserve Bank of New York*
Case No. 22-CV-1585-LJL

Dear Judge Liman:

I represent Plaintiff Jeanette Diaz in the above-referenced civil action. Per the Court's order following Monday's conference (Dkt. 246), I am writing to submit Plaintiff's proposal for the procedures to be used by the Court in resolving the competing claims for payment arising from the settlement between Diaz and the Fed. I have conferred with Fed counsel and Defendant consents to this proposal. A proposed Order is attached.

Ancillary Jurisdiction

As a threshold matter, the parties agree that the Court may exercise ancillary jurisdiction over this matter, even after the stipulation of dismissal is filed. "Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." *In re Austrian and German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003). In distinguishing *Kokkonen*, the Second Circuit differentiated between actions to enforce the terms of a settlement agreement versus actions "to adjudicate a lawyer's entitlement to retain fees earned, at least in part, for services rendered in connection with a case within a district court's jurisdiction." *Id.* at 99. Courts in this district have adjudicated attorney's fees matters after dismissal. *See, e.g., Mason v. City of New York*, No. 13-CV-7139(PKC), 2016 WL 2766652 (S.D.N.Y. May 12, 2016).

Claimants

To Plaintiff's knowledge, there are five parties with an interest in the settlement: Diaz, undersigned counsel, Plaintiff's former attorneys Andrew St. Laurent of Harris St. Laurent LLP and John Balestriere of Balestriere Fariello, and High Rise Financial, a litigation funding company. As noted at Monday's conference, Balestriere Fariello filed a Chapter 7 bankruptcy petition on July 24, 2026. A trustee has been assigned to that action (Deborah Piazza of Tarter Krinsky & Drogin LLP).

Plaintiff's Proposal

As set forth in the proposed Order, Plaintiff recommends the following procedures for resolving these competing claims:

Notice to Claimants. By a date to be determined by the Court, Plaintiff will serve by USPS first-class mail and electronic mail on Mr. St. Laurent, Mr. Balestriere, the Chapter 7 Trustee, and High Rise Financial, a written notice setting forth the amount of the settlement payment to be made to Diaz and the amounts of the competing claims for fees and costs asserted by each of the claimants (as presently known by Plaintiff), along with a copy of the proposed Order.

Parties' Submissions. By a date to be determined by the Court, the claimants will file papers stating the basis and amount of the fees and costs each is claiming should be paid to them by Plaintiff from the settlement payment in this action, along with supporting materials and points and authorities addressing how the Court should allocate the settlement payment among them. By a date to be determined by the Court, the claimants may file opposing and response papers.

Conference. On a date to be determined by the Court, the Court will hold an in-person conference on the matter.

Confidentiality of Settlement Amount

The parties intend their settlement agreement to be and remain confidential, including but not limited to the amount of the payment to be made to Diaz. The parties do not intend to file the settlement agreement with the Court.

The parties' interest in confidentiality is reflected in the proposed Order, which directs the claimants not to disclose in their papers the settlement amount or the amounts each Claimant is claiming should be paid to and among them (from which information the settlement amount can be derived). Instead, the claimants are instructed to redact the confidential information and file their papers in accordance with the Court's rules for filing under seal.

In support of their request that the settlement amount remain confidential, the parties cite *Selleck v. Consolidated Edison Company of New York, Inc.*, No. 15-CV-9082(RJS), 2017 WL 1133443 (S.D.N.Y. Mar. 23, 2017), involving an attorney's fees dispute, in which the district court approved the plaintiff's request to permanently redact certain portions of her submissions "that detail the terms of her confidential settlement with Defendant, including the dollar amount of Plaintiff's recovery." *Id.* at *8. The court explained that "the parties' interest in maintaining the confidentiality of their settlement is clearly a countervailing interest that may overcome the presumption in favor of open records where, as here, 'the settlement itself was conditioned on confidentiality' and 'the settlement documents were not filed with the court and were not the basis for the court's adjudication.'" *Id.* (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004)). The reasoning in *Selleck* applies with equal force here.

Accordingly, Plaintiff, on consent, requests that the Court so-order the attached proposed Order establishing the procedures for resolving the liens in this case.

Respectfully submitted,

/s/ *Steven M. Warshawsky*

Steven M. Warshawsky

**CERTIFICATE OF SERVICE**

Copies of the above letter and Proposed Order Regarding Procedures For Resolving Liens were served on July 30, 2026, via USPS first-class mail and electronic mail on the following:

Andrew St. Laurent
Harris St. Laurent LLP
40 Wall Street, 53rd Floor
New York, NY 10005
andrew@hs-law.com

John Balestriere
Balestriere
107 Greenwich Street, 14th Floor
New York, NY 10006
john.balestriere@balestrierefirm.com

Michael Weiner
Balestriere
107 Greenwich Street, 14th Floor
New York, NY 10006
michael.weiner@balestrierefirm.com

Deborah Piazza, Trustee
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, NY 10018
dpiazza@tarterkrinsky.com

High Rise Financial
Attn: Yeodene Kruger, Accounts Receivables Administrator
P.O. Box 25638
Los Angeles, CA 90025
yeodene@highrisefinancial.com

/s/ *Steven M. Warshawsky*
____________________________
Steven M. Warshawsky

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANETTE DIAZ,

Plaintiff,

v.

FEDERAL RESERVE BANK OF NEW YORK,
Defendant.

**Case No. 22-CV-1585-LJL**

**[PROPOSED] ORDER REGARDING PROCEDURE FOR RESOLVING LIENS**

WHEREAS, this action was initiated on February 25, 2022, when Defendant Federal Reserve Bank of New York ("FRBNY") filed a notice of removal from the New York Supreme Court, County of New York;

WHEREAS, Plaintiffs Lori Gardner-Alfred and Jeanette Diaz filed a First Amended Complaint on April 5, 2022, at which time they were represented by Andrew M. St. Laurent of the law firm Harris St. Laurent LLP;

WHEREAS, at a hearing on November 3, 2022, the Court granted Mr. St. Laurent's motion to withdraw as counsel for Plaintiffs, terminating representation by Harris St. Laurent LLP;

WHEREAS, Mr. St. Laurent has asserted a charging lien in this action;

WHEREAS, on November 3, 2022, John G. Balestriere of the law firm Balestriere Fariello entered an appearance on behalf of Plaintiffs;

WHEREAS, on August 27, 2024, the Court granted Mr. Balestriere's motion to withdraw as counsel for Plaintiffs, terminating representation by Balestriere Fariello;

WHEREAS, Mr. Balestriere has asserted a charging lien in this action;

WHEREAS, on July 24, 2026, Balestriere Fariello filed a Chapter 7 voluntary petition in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, Plaintiff Lori Gardner-Alfred has been dismissed from the action;

WHEREAS, on July 25, 2025, Steven M. Warshawsky of the Law Firm of Steven M. Warshawsky entered an appearance on behalf of Plaintiff Jeanette Diaz;

WHEREAS, Diaz and FRBNY have entered into a confidential settlement agreement dated July 24, 2026, resolving all remaining claims between them in this action;

WHEREAS, Plaintiff has advised the Court that the amount of the settlement payment to be made to Diaz is less than the competing claims for fees and costs asserted in this action by Mr. St. Laurent, Mr. Balestriere, Mr. Warshawsky, and High Rise Financial, a litigation funding company;

WHEREAS, accordingly, Plaintiff seeks the Court's intervention in resolving the competing claims for fees and costs asserted in this action by Mr. St. Laurent, Mr. Balestriere, Mr. Warshawsky, and High Rise Financial (collectively, "Claimants");

NOW, THEREFORE, upon due consideration, and without objection by Defendant, the Court orders as follows:

1. The Court will exercise its ancillary jurisdiction to adjudicate the competing claims for fees and costs asserted in this action by Claimants.

2. On or before _______________, Plaintiff shall serve by USPS first-class mail and electronic mail on Mr. St. Laurent, Mr. Balestriere, the Chapter 7 Trustee assigned to Balestriere Fariello's bankruptcy action, and High Rise Financial, a written notice setting forth the amount of the settlement payment to be made to Diaz and the amounts

of the competing claims for fees and costs asserted in this action by Claimants (as presently known by Plaintiff), along with a copy of this Order.

3. Plaintiff shall file proof of service promptly after making the required service.

4. On or before __________, Mr. St. Laurent, Mr. Balestriere and/or the Chapter 7 Trustee assigned to Balestriere Fariello's bankruptcy action, Mr. Warshawsky, and High Rise Financial, if they wish to assert an interest in this matter, shall file papers with the Court stating the basis and amount of the fees and costs each is claiming should be paid to them by Plaintiff from the settlement payment in this action, along with supporting materials and points and authorities addressing how the Court should allocate the settlement payment among them.

4. On or before __________, Claimants may file opposing or response papers.

5. Unless otherwise directed by the Court, both the amount of the settlement payment to be made to Diaz and the amounts each Claimant is claiming should be paid to and among them shall remain confidential and not disclosed in papers filed on the Court's public docket; rather, Claimants shall file their papers as follows:

a. File the papers under seal with the text sought to be redacted highlighted and visible (or otherwise prominently marked so that it is clear what is sought to be redacted). The summary docket text will be open to public inspection and should not include confidential information sought to be redacted or filed under seal. The sealed papers will not be viewable by the public. Electronically relate the papers to this Order.

b. File the papers on the public docket with the confidential information redacted. Electronically relate the papers to this Order.

c. If a document has a number of attachments, some of which have confidential information and some of which do not (e.g., a declaration with confidential and non-confidential exhibits), file the document and all of the attachments under seal, including those that do not have confidential information, but file the document on the public docket with only the confidential information redacted.

6. The Court will hold a conference on the matter on __________ in Courtroom 15C, United States Courthouse, 500 Pearl Street, New York, New York 10007.

**SO ORDERED:**

______________________________ ______________

LEWIS J. LIMAN, U.S.D.J. DATE