UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANETTE DIAZ,

Plaintiff,

v.

FEDERAL RESERVE BANK OF NEW YORK,

Defendant.

**Case No. 22-CV-1585-LJL**

**~~[PROPOSED]~~ ORDER REGARDING PROCEDURE FOR RESOLVING LIENS**

WHEREAS, this action was initiated on February 25, 2022, when Defendant Federal Reserve Bank of New York ("FRBNY") filed a notice of removal from the New York Supreme Court, County of New York;

WHEREAS, Plaintiffs Lori Gardner-Alfred and Jeanette Diaz filed a First Amended Complaint on April 5, 2022, at which time they were represented by Andrew M. St. Laurent of the law firm Harris St. Laurent LLP;

WHEREAS, at a hearing on November 3, 2022, the Court granted Mr. St. Laurent's motion to withdraw as counsel for Plaintiffs, terminating representation by Harris St. Laurent LLP;

WHEREAS, Mr. St. Laurent has asserted a charging lien in this action;

WHEREAS, on November 3, 2022, John G. Balestriere of the law firm Balestriere Fariello entered an appearance on behalf of Plaintiffs;

WHEREAS, on August 27, 2024, the Court granted Mr. Balestriere's motion to withdraw as counsel for Plaintiffs, terminating representation by Balestriere Fariello;

WHEREAS, Mr. Balestriere has asserted a charging lien in this action;

WHEREAS, on July 24, 2026, Balestriere Fariello filed a Chapter 7 voluntary petition in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, Plaintiff Lori Gardner-Alfred has been dismissed from the action;

WHEREAS, on July 25, 2025, Steven M. Warshawsky of the Law Firm of Steven M. Warshawsky entered an appearance on behalf of Plaintiff Jeanette Diaz;

WHEREAS, Diaz and FRBNY have entered into a confidential settlement agreement dated July 24, 2026, resolving all remaining claims between them in this action;

WHEREAS, Plaintiff has advised the Court that the amount of the settlement payment to be made to Diaz is less than the competing claims for fees and costs asserted in this action by Mr. St. Laurent, Mr. Balestriere, Mr. Warshawsky, and High Rise Financial, a litigation funding company;

WHEREAS, accordingly, Plaintiff seeks the Court's intervention in resolving the competing claims for fees and costs asserted in this action by Mr. St. Laurent, Mr. Balestriere, Mr. Warshawsky, and High Rise Financial (collectively, "Claimants");

NOW, THEREFORE, upon due consideration, and without objection by Defendant, the Court orders as follows:

1. The Court will exercise its ancillary jurisdiction to adjudicate the competing claims for fees and costs asserted in this action by Claimants.

2. On or before September 4, 2026, Plaintiff shall serve by USPS first-class mail and electronic mail on Mr. St. Laurent, Mr. Balestriere, the Chapter 7 Trustee assigned to Balestriere Fariello's bankruptcy action, and High Rise Financial, a written notice setting forth the amount of the settlement payment to be made to Diaz and the amounts

of the competing claims for fees and costs asserted in this action by Claimants (as presently known by Plaintiff), along with a copy of this Order.

3. Plaintiff shall file proof of service promptly after making the required service.

4. On or before October 2, 2026, Mr. St. Laurent, Mr. Balestriere and/or the Chapter 7 Trustee assigned to Balestriere Fariello's bankruptcy action, Mr. Warshawsky, and High Rise Financial, if they wish to assert an interest in this matter, shall file papers with the Court stating the basis and amount of the fees and costs each is claiming should be paid to them by Plaintiff from the settlement payment in this action, along with supporting materials and points and authorities addressing how the Court should allocate the settlement payment among them.

4. On or before October 16, 2026, Claimants may file opposing or response papers.

5. Unless otherwise directed by the Court, both the amount of the settlement payment to be made to Diaz and the amounts each Claimant is claiming should be paid to and among them shall remain confidential and not disclosed in papers filed on the Court's public docket; rather, Claimants shall file their papers as follows:

a. File the papers under seal with the text sought to be redacted highlighted and visible (or otherwise prominently marked so that it is clear what is sought to be redacted). The summary docket text will be open to public inspection and should not include confidential information sought to be redacted or filed under seal. The sealed papers will not be viewable by the public. Electronically relate the papers to this Order.

b. File the papers on the public docket with the confidential information redacted. Electronically relate the papers to this Order.

c. If a document has a number of attachments, some of which have confidential information and some of which do not (e.g., a declaration with confidential and non-confidential exhibits), file the document and all of the attachments under seal, including those that do not have confidential information, but file the document on the public docket with only the confidential information redacted.

6. The Court will hold a conference on the matter on October 22, 2026 at 11:00 a.m. in Courtroom 15C, United States Courthouse, 500 Pearl Street, New York, New York 10007.

**SO ORDERED:**



September 2, 2026

LEWIS J. LIMAN, U.S.D.J. DATE