USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI GARDNER-ALFRED and JEANETTE DIAZ,

Plaintiffs,

-v-

FEDERAL RESERVE BANK OF NEW YORK,

Defendant.

22-cv-1585 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On July 27, 2026, counsel for Jeannette Diaz, the remaining plaintiff in this case ("Plaintiff" or "Diaz"), and defendant The Federal Reserve Bank of New York ("Defendant"), informed the Court that they had reached a confidential settlement in this matter. Dkt. No. 246. They also informed the Court that the amount of the settlement would not be sufficient to satisfy Plaintiff's obligations to her current and former counsel and to a litigation finance company that had extended financing for this case. By order of September 2, 2026, the Court indicated that it would exercise ancillary jurisdiction to adjudicate the competing claims for fees and costs asserted in this action and established a process for the competing claimants to assert an interest in the settlement funds. Dkt. No. 258 ¶ 1; *see also* Dkt. No. 254.

The Court has now received a memorandum of law and declaration from Steven M. Warshawsky, Esq. ("Warshawsky"), current counsel of record for Diaz, and a declaration from Diaz requesting distributions on behalf of Plaintiff and Warshawsky himself, as well as a response by Warshawsky to the submissions by other claimants. Dkt. Nos. 262–66, 272. The Court has also received declarations and memoranda of law from the following additional

competing claimants: Andrew St. Laurent (Plaintiff's former attorney) and John Balestriere (Plaintiff's former attorney, through the Chapter 7 trustee of his law firm's bankruptcy estate). Another competing claimant, High Rise Financial (a litigation finance company), has not submitted a declaration but supports Warshawsky's proposal. *See* Dkt. No. 272 at 1.

Three sets of counsel have appeared for Plaintiff in this case, which was initially instituted *pro se*. Harris St. Laurent & Wechsler LLP ("Harris St. Laurent") appeared from March 6, 2022, Dkt. No. 13, but filed a motion to withdraw on October 25, 2022, Dkt. No. 49, which the Court granted, Dkt. Nos. 60, 73. During that time, Plaintiff filed a First Amended Complaint, Dkt No. 24, attended a mediation, and opposed Defendant's motion to dismiss, Dkt. No. 35. On November 3, 2022, the law firm Balestriere Fariello appeared for Plaintiff, Dkt. Nos. 58–59, 61, and on August 22, 2024, it moved to withdraw based on the dissolution of the firm and asserted a charging lien, Dkt. No. 213. The Court granted that motion on August 27, 2024. Dkt. No. 215. During that time, Plaintiff engaged in discovery misconduct for which the Court had to sanction Plaintiff. Dkt. No. 149. The Court also granted Defendant's motion for summary judgment. Dkt. No. 191. Warshawsky appeared for Plaintiff on July 24, 2025, Dkt. No. 217, successfully prosecuted Plaintiff's appeal, Dkt. No. 263 ¶¶ 4–5, prepared a persuasive opposition to Defendant's supplemental motion for summary judgment, Dkt. No. 225, prepared for trial, and negotiated this settlement, Dkt. No. 263 ¶¶ 5–11.

In addition, on May 12, 2023, while she was represented by Balestriere Fariello, Diaz entered into a Nonrecourse Purchase Agreement with High Rise Financial whereby High Rise Financial paid to Diaz $8,625 in exchange for the contingent right to a portion of the potential proceeds from her legal claims. Dkt. No. 266 ¶¶ 16–17; Dkt. No. 266-2. Of the $8,625, Diaz received $7,500 (which monies were paid to Balestriere Fariello), with High Rise Financial

retaining the $1,125 remainder as an origination fee. Dkt. No. 266 ¶ 17; Dkt. No. 266-2. Under the terms of the Purchase Agreement, Diaz is not entitled to receive any proceeds from her case until High Rise Financial has received its ownership amount, which at present is $23,718.25. Dkt. No. 266-2.

After the withholding of income taxes, the net amount of the settlement is approximately fifty percent of its gross amount. Warshawsky has proposed that he and High Rise Financial would together receive slightly less than half of the net amount of the settlement (splitting that sum with two thirds allocated for High Rise Financial and one third for Warshawsky), and that Diaz would receive slightly more than half of the amount of the net settlement. Dkt. No. 262 at 1–2. He also proposes that Balestriere Fariello and Harris St. Laurent would not receive any payment from the net settlement. Under that proposal, to which High Rise Financial agrees, High Rise Financial would receive less than half of what it is owed under its litigation finance agreement with Diaz. Warshawsky would receive far less than the contingency payment he is owed from Diaz. The Chapter 7 trustee for the bankruptcy estate In re Balestriere PLLC has not asserted the right to any specific sum from the settlement fund. He asks simply that the bankruptcy estate be given "its proper share of the settlement funds at issue before this Court." Dkt. No. 267 ¶ 3. Harris St. Laurent seeks one half of the net settlement amount. Dkt. No. 270 at 1. If the firm is paid that amount, High Rise Financial accepts its share in an amount less than one-half of what it is owed, and Warshawsky receives the miniscule amount that he requests (which is less than what he is owed), that would leave Diaz—the allegedly injured party—with a recovery of less than $1,000. Upon reviewing these competing proposals, the Court accepts Warshawsky's proposal as fair and reasonable.

Under New York law, an attorney may claim a charging lien against a former client,

which is an attachment to specific funds that constitute the client's recovery. N.Y. Judiciary Law § 475 (McKinney). "A charging lien, although originating at common law, is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be fair." *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (internal quotation marks and citations omitted). "[I]n assessing the amount of a charging lien on a quantum meruit basis, a court should consider: (1) 'the difficulty of the matter'; (2) 'the nature and extent of the services rendered'; (3) 'the time reasonably expended on those services'; (4) 'the quality of performance by counsel'; (5) 'the qualifications of counsel'; (6) 'the amount at issue'; and (7) 'the results obtained (to the extent known).'" *Furk v. Orange-Ulster BOCES*, 2023 WL 3597619, at *5 (S.D.N.Y. May 22, 2023).

The fee which Warshawsky seeks is eminently fair and reasonable given the services that he provided. Warshawsky successfully defended against Defendant's motion for summary judgment, prepared for trial, and negotiated a favorable settlement. The sum that he is seeking is equivalent to the small retainer he requested for taking the case to trial. Dkt. No. 263 ¶ 5. He billed at least 70 hours to this matter and performed extensive and valuable work. *Id.* ¶ 7. He deserves to be compensated for the services he provided. The sum that Warshawsky seeks represents cents on the dollar for every hour he billed.

As noted, Diaz signed a Nonrecourse Purchase Agreement with High Rise Financial which, if enforced, would give it a right to virtually the entire net amount of the settlement. Dkt. No. 266-2. The amount that High Rise Financial is prepared to accept is only slightly more than the $8,625 it advanced to Diaz in May 2023, which represents an extremely low annualized rate of return, particularly given the risk it assumed in making the advance.

The Court agrees that the bankruptcy estate of In re Balestriere PLLC is not entitled to

any further compensation from the settlement fund. Balestriere Fariello received payments of $187,978.46 in connection with its representation in this matter, of which half was paid by Diaz. Dkt. No. 266 ¶ 12.[1] That sum far exceeds the gross settlement amount in this case. The Chapter 7 trustee claims that Balestriere Fariello is owed an additional $423,609.07 but submits no invoices or billing records to support that amount. Dkt. No. 267 ¶ 2. It was during Balestriere Fariello's representation of Diaz that the discovery misconduct occurred that almost destroyed Plaintiff's claim. *See* Dkt. No. 149. Much of the litigation activity concerned Balestriere Fariello's unsuccessful arguments with respect to sanctions and unsuccessful arguments regarding summary judgment. Balestriere Fariello is not entitled to any further payment. *See Furk*, 2023 WL 3597619, at *6.

Harris St. Laurent performed valuable work in drafting the amended complaint and in briefing the motion to dismiss. Dkt. No. 270 at 5; Dkt. No. 271 ¶¶ 6, 8. It also helped prepare the case management plan and the initial discovery requests and was involved in the initial production of documents and a court-ordered mediation. Dkt. No. 271 ¶ 10. Harris St. Laurent was paid $150,969.68 for its services in this case, of which Diaz paid over $80,000. *Id.* ¶¶ 14–15. The Court has reviewed Harris St. Laurent's billing records in this matter. Dkt. No. 271-2. The firm was involved in this litigation for only eleven months. Its memorandum of law also overstates the value of its work and its complexity. While it is true that Plaintiff's original state-law claim did not assert a Free Exercise claim explicitly, Dkt. No. 270 at 1, it attached Diaz's accommodation request which requested a religious accommodation, Dkt. No. 1-1 at 43. It did not take any great act of legal ingenuity to understand that a person whose request for accommodation based on the exercise of religion was denied might have a claim based on the

---

[1] The other half was paid by the other plaintiff in this case. *Id.*

denial of her right to freely exercise her religion. Harris St. Laurent's memorandum in opposition to the motion to dismiss was well done and ultimately successful, but the firm was already paid handsomely for that work. Diaz has already paid Harris St. Laurent more than the gross settlement amount in this case and multiples of what she will recover in this case. It would be unfair to take more money out of Diaz's pocket to pay Harris St. Laurent for the services it rendered in this case.

Accordingly, the settlement funds are to be allocated in accordance with Warshawsky's proposal. The Court will issue a separate order setting out the amounts to be distributed.

SO ORDERED.

Dated: October 20, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge